JOSEPH RONDEAU, Appellant, *vs.* WILLIAM BEAUMETTE, Respondent.

APPEAL FROM ORDERS OF THE DISTRICT COURT OF RAMSEY COUNTY.

An order supplementary to execution, commanding a Defendant to appear before the Court and answer concerning his property, and an order made by the Judge referring the same matter to take the answers of the Defendant, etc., were preliminary and interlocutory orders, and not final, within the meaning of *Sec.* 11, *Chap.* 71, *Stats. of Minn.:* and consequently they are not appealable.

The Plaintiff having obtained judgment and caused execution to be issued, which was returned unsatisfied, obtained an order from Judge Palmer for the Defendant to appear and answer concerning his property. The Defendant appeared and moved to dismiss or vacate the order, which motion was denied. Defendant then offered to read certain affidavits, the reading of which being objected to the objection was sustained. An order of reference was then made. Defendant appeals from all the orders.

Points and authorities of Appellant:

*First.*—The granting of the order to appear and answer was error because the affidavit on which it was granted does not show that the judgment was in any part unpaid.

Rondeau *v.* Beaumette.

*Second.*—The motion to vacate the order should have been granted for the same reason and also for the reason that Defendant had property out of which the debt could be satisfied, and out of which property Plaintiff could by means of his mortgage, satisfy his debt.

1. The proceeding is not intended as the ordinary remedy for the collection of debts. It is extraordinary in its nature and harsh in its operation, and is intended to apply like the creditors bill, when the usual and ordinary remedies have been tried and found ineffectual.

2. The proceeding is in the nature of and controlled generally by the same rules as the creditors bill. *See Sale vs. Lawson,* 4 *Sandford Rep.* 718; *Tellermann's Case,* 2 *Abbott Pr. Rep.* 155; *Orr's Case,* 2 *Abbott Pr. Rep.* 458; *Myers Case,* 2 *Abbott Pr. Rep.* 476; *Tavis vs. Turner et al.,* 4 *How. Pr. Rep.* 192.

3. The creditor's bill was entertained only where the usual and ordinary remedies have been exhausted without satisfaction of the debt. *See McElvain vs. Willis,* 9 *Wend.* 564; *Brinkerhoff vs. Brown,* 4 *John. Rep.* 675; *Breck vs. Burdett,* 1 *Paige Rep.* 308; *Sacket vs. Newton,* 10 *How. Pr. Rep.* 564; *Cayler vs. Moreland,* 6 *Paige* 274; *Storin vs. Badger,* 8 *Paige* 130.

4. As the Plaintiff's debt was secured by mortgage upon unincumbered real estate within the county, worth more than enough to satisfy the debt, he was bound to exhaust the remedy which the law gave him upon the mortgage, before resorting to those proceedings.

Points and authorities of Respondent:

*First.*—It is not necessary that the affidavit should state that the judgment is unpaid. It states the return of the execution unsatisfied. The record of the judgment and the execution and return are also before the court, and from them the judgment appeared unsatisfied. That is, to say the least, *prima facie* evidence of the judgment being unpaid sufficient to authorize the Judge to make the order. It is what the Statute has specified as sufficient and is sufficient. 8 *How. Pr. R.* 165.

*Second.*—It no where appears that the Defendant had pro-

perty out of which the debt could be satisfied by *execution*, nor does it appear that Plaintiff had a mortgage, because

*a.* The affidavits were ruled out and not permitted to be read, and rightly so.

The Statute prescribes the terms upon which the Plaintiff is entitled to avail himself of supplementary proceedings, to wit: the return of an execution unsatisfied.

Under such circumstances the Defendant must answer concerning his property. There is no provision allowing him to *read affidavits.* The power to entertain, continue and conduct the proceedings is a mere statutory proceeding, and must be strictly pursued.

*Webber vs. Hobbie*, 13 *How. Pr.* 383. The proceedings are peculiar and though *like* a creditor's bill are far from the same. It does not take the place of a creditor's bill. 4 *Sand.* 694; 11 *How. Pr.* 449. Whatever might be the effect of Defendant's showing that Plaintiff held a mortgage; the only way he could show it is by answering according to the Statute; and if the affidavits were read they present no reason for vacating the order. *See cases under Point Fifth.*

*Third.*—But even if this proceeding is precisely analagous to and governed by the same rules as a creditor's bill, instead of by the Statute, still on precisely this state of facts a creditors bill would lie.

*a.* To enable a party to file a creditor's bill the remedy *at law* must be exhausted *by the return of an execution unsatisfied. McElwain vs. Willis,* 9 *Wend.* 564.

*b.* That is the extent of the requirements, and the cases cited by Appellant hold that, and nothing more. The modification is rather the other way as a creditors bill could be filed to remove obstructions to a levy on property subject to levy before an execution returned unsatisfied, 9 *Wend.* 564, and if after a bill filed, an alias execution is issued, a creditor will not be obliged to elect which remedy he will pursue, but may proceed with both. *Storm vs. Badger*, 8 *Paige* 130.

*c.* This shows that the doctrine even in equity was, that equity having once obtained jurisdiction by the *return of an execution unsatisfied* will retain jurisdiction till the satisfaction

of the debt. It is not necessary first to foreclose the mortgage. *Palmer vs. Foote*, 7 *Paige* 437.

*Fifth.*—The Sheriff's return is conclusive as to there being no property.

Moreover it is correct in fact, for a judgment on a debt secured by mortgage is not a lien on the mortgaged premises, and a sale under it of them would be invalid. 2 *Sandford's Chancery Reports.* 70 ; 1 *Hilliard on Mortgages*, 380 ; *Tice vs. Annin*, 2 *John. Ch.* 125 ; *Palmer vs. Foote*, 7 *Paige* 437.

*Sixth.*—No case can be found holding that a foreclosure of a mortgage is necessary before a creditors bill can be filed.

The doctrine is that a creditor's remedy *at law* should first be exhausted. The foreclosure of a mortgage is not a remedy at law.

*Seventh.*—The order appealed from should be affirmed with costs.

J. & C. D. GILFILLAN, Counsel for Appellant.

ALLIS & PECKHAM, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.   On the 29th day of June, 1859, Beaumette recovered a judgment in the District Court of Ramsey county against Rondeau, on which an execution was issued on the 1st day of July following, which execution was returned unsatisfied by the Sheriff.   Upon these facts being made to appear to the Judge of the District Court, he on the 6th day of December, 1859, granted an order commanding the Defendant to appear before him and answer concerning his property.   On the return day of the order the Defendant appeared and moved to set the same aside for various reasons by him assigned, which motion was overruled, and an order made by the Judge referring the matter to a referee to take the answers of the Defendant, etc.   From these several orders the Defendant Rondeau appeals to this court.

The right to appeal from an order of the District Court is found in *Sec.* 11 *of Chap.* 71 *of the Com. Stats.*, *pages* 621 *and* 622, the sixth subdivision of which is as follows: "From a *final order* affecting a substantial right made in a special pro-

ceeding, or upon a summary application in an action after judgment."

These orders were made upon a summary application in an action after judgment, and in order to be appealable must be *final.*

"Final" is defined in *Burrill's Law Dictionary (Part* 1, *page* 490,) to be "that which terminates or ends a matter or proceeding, not absolutely, however, as the final judgment of an inferior court which admits of an appeal."

"That which absolutely ends or concludes a matter, as the final judgment of a court which admits of no appeal."

The language of our Statute in this respect is the same as that employed in the New York Code in defining the jurisdiction of the court of appeals in that State, and that court has always held that an order to be appealable must be final. *See Howard's N. Y. Code, pages* 7 *to* 16, where most of the cases are collected.

The first order granted by the Judge to call the parties before him was in its nature only initial or preliminary, to set the proceedings in motion; and the second which ordered a reference, was simply interlocutory or *mesne* to supply facts necessarily precedent to the making of any final determination or order in the matter. They were neither of them appealable orders.

Appeal dismissed.