STATE OF MINNESOTA *ex rel.* Iver Thompson *vs.* ORLEN P. WHITCOMB.

May 20, 1881.

**Control of Executive Officers by Courts.**—The rule that the courts cannot control or interfere with the executive officers of the state, in their official acts, applied to the state auditor in his acts as commissioner of the land-office.

*Mandamus,* directed to respondent as commissioner of the land-office of the state of Minnesota.

*R. Reynolds* and *C. D. Kerr,* for relator.

*W. J. Hahn,* Attorney General, for respondent.

GILFILLAN, C. J.* In this case, the counsel, at the request of the court, argued very fully the effect of the act of March 7, 1881, (Laws 1881, *c.* 40,) amending Gen. St. 1878, *c.* 80, § 13, upon the jurisdiction of this court in cases of *mandamus,* the court having before it another case—*State* v. *Burr, (ante,* p. 40)—involving the same question, but which was not argued in that case. We have arrived at the conclusion stated in the opinion in that case, that, except in cases pending at the time the act passed, and those in which the writ is to be directed to a district court, or a judge thereof in his official capacity, the jurisdiction is taken away by that act. But this case is within those excepted by the act. It is a case pending at the time the act passed. The order to show cause had been issued and served. The court had fully acquired jurisdiction. The order cannot be discharged on that objection to the jurisdiction.

The objection is also made that the act to compel the performance of which by respondent this writ is sought, is one which comes within the range of his official acts as an executive officer of the state, and the court has no jurisdiction over him in respect to it. This objection we deem well founded. It must be taken as settled, in this state, that an executive officer of the state is not subject to the

---

*Cornell, J., because of illness, took no part in the decision of this case.

control or interference of the judiciary in the performance of duties belonging to him as an executive officer. *Rice* v. *Austin*, 19 Minn. 103; *State* v. *Dike*, 20 Minn. 363; *St. Paul & Chicago Ry. Co.* v. *Brown*, 24 Minn. 517; *Western Railroad Co.* v. *De Graff*, 27 Minn. 1. That the duty is merely ministerial, or that it might have been cast on some other officer or person, does not affect this rule. See same cases. But the relator claims that the rule applies only where the act in question is entrusted to an executive department *eo nomine;* that the act in question here is entrusted to respondent as commissioner of the land-office, and not as auditor; and that the commissioner of the land-office is not, under the constitution, an executive officer.

The statutes (Gen. St. 1878, *c.* 38, §§ 1, 2,) establish a land-office, and provide that the state auditor shall be *ex officio* commissioner of the land-office, and shall have general charge and supervision of lands belonging to the state. He is thus, *eo nomine*, charged with the duties pertaining to the land-office. He cannot be commissioner without being auditor, nor auditor without being commissioner. While auditor he cannot avoid the charge and supervision of the lands. The duty of that charge and supervision is cast upon his department. The fact that the statute designates him commissioner of the land-office, and that, in transacting the business of the office, he may, though we do not think it essential that he should, so designate himself, does not affect this, nor make the commissioner of the land-office an independent officer. We could not give that effect to the statute, without giving more force to the mere form of expression than to its substance.

The order to show cause is discharged.