In the matter of the Estate of MARY J. ACKERMAN, deceased.

January 3, 1885.

Estates of Decedents—Sale of Lands to Pay Debts—Statute of Limitation.—The proviso at the end of Gen. St. 1878, c. 46, § 3, limits to three years after the date of the death of a decedent the time within which his real estate may be sold to pay debts or claims against him, not liens before his death. The proviso is not unconstitutional.

On May 15, 1884, Alexander B. Lightner, of Augusta county, Virginia, filed a petition in the probate court for Nicollet county, asking for license, as administrator, to sell the real estate in that county of which one Mary J. Ackerman, deceased, died seized. It appeared from the petition, that Mary J. Ackerman died in October, 1877, in Augusta county, Virginia, being then a resident therein; that on March 26, 1879, the petitioner was duly appointed by the circuit court of Augusta county as the administrator of the estate of the deceased; that the debts outstanding against her estate amount to $2,485, and have been duly allowed by the court in Virginia; that deceased left no personal estate, but left real estate situate in Nicollet county, which it is necessary to sell in order to pay said debts; and that the only persons interested in the estate are Alexander F. Ackerman and Alexander M. Ackerman, residing in the state of Florida,

and William R. Tyrer and M. Eva Tyrer, residing in the state of Virginia.

Upon the hearing of the petition Alexander F. and Alexander M. Ackerman, and one A. J. Lamberton, (the last named residing in Nicollet county and claiming to own certain of the land described in the petition as grantee of Alexander M. Ackerman,) appeared and objected to the granting of the petition, because "it appears that the said Mary J. Ackerman has been dead for more than three years prior to the date of filing the petition," which objection was sustained, and an order was made denying the prayer of the petition.

Upon the application of the petitioner a writ of *certiorari* was issued from this court directed to the probate judge of Nicollet county, who made return setting out the above facts.

*G. S. Ives,* for relator, cited *U. S.* v. *Dickson,* 15 Pet. 141; *Minis* v. *U. S.,* 15 Pet. 423; Dwarris on Statutes, 272; *Dawson* v. *Girard Life Ins. Co.,* 27 Minn. 411; *Paine* v. *First Div., etc., R. Co.,* 14 Minn. 49, (65;) *Smith* v. *Park,* 31 Minn. 70; *Mowry* v. *Robinson,* 12 R. I. 152; *Griswold* v. *Bigelow,* 6 Conn. 258; *Edmunds* v. *Rockwell,* 125 Mass. 363; Cooley on Const. Lim. 289, 361.

*A. A. Stone,* for respondent.

GILFILLAN, C. J. The only question in the case is whether the proviso[1] at the end of Gen. St. 1878, *c.* 46, § 3, limits the time within which the real estate of a deceased person may be sold by the probate court for payment of his debts, not liens at the time of his death. It reads: "Provided, that no debt or claim against any deceased person, which had not become a lien upon his real estate before his death, shall continue to be a lien upon any such real estate after the lapse of three years from the date of such death." Strictly, debts or claims do not become liens on the property upon the death of the debtor. The property (except such as is exempted) becomes, upon the death, subject to be appropriated in the manner prescribed by the statute—the personal property first, and, if that be not sufficient, then the real property, or so much of it as may be required—to the payment of debts and claims. Though the terms it uses may

[1] This proviso was repealed by Laws 1885, *c.* 19, approved March 5, 1885. [Rep.

be strictly inaccurate, there is nothing to which the proviso can refer except this liability of the real estate to be resorted to for payment of debts and claims; there is nothing to which the limitation can apply but the duration of this liability. If the proviso means anything at all,—and a meaning must be given to it, if it be, as it certainly is, susceptible of one,—it means that the real estate shall not continue liable to be sold for payment of debts and claims, except where they are liens before the death, after the lapse of three years from the date of the death.

We apprehend no question would ever have been made as to this being the proper construction of the clause if it had been placed where it naturally belongs, among the provisions regulating the administration of estates, instead of among those regulating the devolution of title to real estate by descent. But as it is capable of only one meaning, that meaning must be attributed to it, wherever it may be placed in the statute. The proviso cannot be regarded as unconstitutional merely on the suggestion that a case might occur in which a creditor would lose his right of recourse to the real estate. Such a case could hardly occur without some dilatoriness on the part of the creditor.

Order affirmed.