MICHAEL GATES *vs.* ELIZA SHUGRUE, Executrix.

## July 9, 1886.

Estates of Decedents—Sale of Real Estate to Pay Debts—Limitation —Repealing Act.—A testator willed all his property, real and personal, to his wife, after all his lawful debts were paid. *Held* that, under the proviso at the end of Gen. St. 1878, *c.* 46, § 3, the real estate thus devised was not liable to be sold (for the payment of claims against the testator's estate) after the lapse of three years from the date of his death. *Held, further,* that the repeal of the proviso by chapter 19, Laws 1885, does not affect a case in which the proviso had previously taken effect.

Appeal by Michael Gates from a judgment of the district court for Le Sueur county, *Macdonald,* J., presiding, affirming certain orders of the probate court of the same county allowing the account of Eliza Shugrue as executrix of Michael Shugrue, and assigning to her, as sole devisee, the real estate described in his will.

*R. A. Irwin* and *H. J. Peck,* for appellant.

*Cadwell & Parker,* for respondent.

BERRY, J.    Michael Shugrue died December 18, 1880, having by will disposed of his property in these words, viz.: "I leave to my wife, Eliza Shugrue, my entire estate, both personal and real estate, after my lawful debts are paid within a reasonable time."    The will having been duly admitted to probate, the final account of the executrix was allowed on September 5, 1885, and at the same time all the real property left by the testator assigned to her as sole devisee. A claim in favor of Gates (the present appellant) against the testator's estate was duly allowed October 16, 1884.    No part of the same has been paid, and there was no personal property of the estate applicable to its payment.    Gates contends that, instead of being as-

signed to the devisee, so much of the real property as was required should have been sold, and proceeds applied to the payment of his claim. In this he is wrong. Under the proviso at the end of section 3, chapter 46, Gen. St. 1878, after the lapse of three years from the date of Shugrue's death, to wit, on December 19, 1883, the real estate which he left ceased to be liable to be sold for the payment of debts or claims against his estate except such as had "become a lien" thereon before his death. *In re Ackerman,* 33 Minn. 54, (21 N. W. Rep. 852.) See, also, *Bindley's Appeal,* 69 Pa. St. 295.

But the appellant contends that the form of the devise by which the real estate is left to the wife after the lawful debts are paid, imposed a *charge* upon the real estate of which it cannot be relieved without their payment. The clause as to the payment of debts was superfluous. Whether it was in the will or not, the real estate was charged with the payment of debts, in the sense that it was liable to be sold in due course of law, and not otherwise, to pay them. The clause spoken of added nothing to this liability; so that the effect of the devise is the same as if the clause had been omitted; that is to say, the real estate is, in due course of administration, liable to be sold *for,* and in that sense is chargeable *with,* the payment of the testator's lawful debts, (*i. e.,* such as are lawfully established,) for the period of three years from the death of the testator, and no longer. *In re Ackerman, supra.*

In March, 1885, the proviso mentioned was repealed, (Laws 1885, *c.* 19;) but the repeal has no importance here, for long prior to it the proviso had taken effect so as to clear the real property, which vested in the devisee under the will, of what the statute styles the "lien" in favor of creditors of the testator's estate, so that she held it disincumbered of any clog or liability on that account. This, her vested right of property, could not be taken away or impaired by "legislative enactment." *Kipp* v. *Johnson,* 31 Minn. 360, (17 N. W. Rep. 957.)

Judgment affirmed.