STATE OF MINNESOTA, *ex rel.* Moses G. Tuttle, *vs.* W. W. BRADEN, State Auditor.

February 11, 1889.

**Constitution—Mandamus to Officer of Executive Department.—**Rule that courts cannot control or interfere with an executive officer of the state in his official acts, even though they are such that the duty to perform them might have been entrusted to some other officer, followed.

*Mandamus*, brought in the district court for Ramsey county, to compel the issuance of a logging permit. The case made by the petition and alternative writ was as follows: The respondent, as state

auditor and *ex officio* state land-commissioner, after proper notice, duly offered for sale at auction the standing pine timber on a designated school section. The relator was the highest bidder, and the timber was struck off to him. He duly demanded a permit, in accordance with the regulations of the land-office, at the same time offering to execute and deliver the statutory bond. The relator refused to issue the permit, or do anything towards consummating the sale. A demurrer to the petition was sustained by *Simons*, J., and the relator appealed.

*Fayette Marsh*, for appellant.

*Moses E. Clapp*, Attorney General, and *H. W. Childs*, for respondent.

GILFILLAN, C. J. This case is, in its facts, similar to that of *State v. Whitcomb*, 28 Minn. 50, (8 N. W. Rep. 902,) the argument being but a reargument of the principal question decided in that case, to wit, the question whether the courts may direct and control the state auditor in the performance of his official acts as commissioner of the land-office. In the case referred to it was decided that they have no jurisdiction to do so. In *Chamberlain v. Sibley*, 4 Minn. 228, (309,) it was held otherwise in respect to official acts which the court styled "not necessarily pertaining to the duties of the executive," and which (if the law so provided) might as well be done by one officer as another. The court, however, decided, in *Rice v. Austin*, 19 Minn. 74, (103,) that because the constitution makes the different departments of the government distinct and independent of each other, neither being responsible to the other for the performance of its duties, neither can enforce the performance by the other of its duties; and it was also decided that where a duty, even such as may be called ministerial, is cast by law upon an executive officer, *eo nomine*, the performance of it is an official act, although its performance might have been entrusted to some other officer. This has ever since been accepted as the law in this state, and was followed in *State v. Dike*, 20 Minn. 314, (363;) *Western R. Co. v. De Graff*, 27 Minn. 1, (6 N. W. Rep. 341,) and the case first referred to. We are still satisfied with the soundness of the doctrine in the cases since that in the 4th.

Order affirmed.