KILLIAN BOLTZ v. MRS. JACOB SCHUTZ and Others.[1]

EUGENE WILHELM v. SAME.

June 27, 1895.

Nos. 9288, 9289—(117, 118).

**Decedent's Estate—District Court—Jurisdiction.**

> *Held*, upon the pleadings and a stipulation as to facts, that plaintiffs in these actions were not entitled to any relief.

Appeal by plaintiff in each of the above entitled actions from a judgment of the district court for Houston county dismissing the action on the merits.    Affirmed.

The complaint in the action wherein Killian Boltz was plaintiff was as follows:

"Plaintiff complaining herein respectfully states to this court: That heretofore, to wit, on October 15, 1883, the defendant Daniel Klein was appointed by the probate court of said Houston county, Minnesota, administrator of the estate of Jacob Schutz, deceased, and duly qualified and acted as such, and has not since been discharged.    That the other defendants above named are the widow and heirs at law of said Jacob Schutz, respectively, who died intestate in said county May 5, 1876, seised of the southwest quarter of the southeast quarter of section 31, town 103, range 5, in said county, the homestead of said deceased, and 10 acres in section 20, said town and range, which said 10½ acres have since been sold by the administrator, and applied on expense of administration and on claims against said estate.

"That thereafter, in due proceedings in said probate court on the allowance of claims against said estate, judgment was duly rendered against said estate on March 24, 1884, for the sum of $215.25 in favor of plaintiff, and said judgment was duly recorded and docketed in said probate court.    That said sum is wholly unpaid, except as to the sum of $15.36 paid thereon by the administrator September 8, 1884.

[1] Reported in 64 N. W. 48.

That said judgment was on said March 24, 1884, duly entered and docketed in said court in Record Book 1 of Claims, on page 102. The plaintiff is the owner and holder of said judgment, and all rights therein. That by reason of the facts above stated said judgment is a lien on said 40 acres, subject to the life estate of the said widow of Jacob Schutz, deceased.

"Wherefore plaintiff prays judgment for $199.89, and interest thereon at 7 per cent. per annum from March 24, 1884, and that said judgment be declared a lien on said 40 acres, subject to the life estate of the said widow of said Jacob Schutz; and for his costs and disbursements herein, and for such other and further relief as to this court may seem just."

By answer, defendants, except Daniel Klein, admitted the allegations in the first paragraph of the complaint, but denied that there is any record of the judgment described in the complaint, and all other allegations therein.

The issues raised by the pleadings in the action by Eugene Wilhelm were substantially the same.

The following is the stipulation as to facts: "It is hereby stipulated and agreed by and between the respective parties, plaintiffs and defendants, in the two causes hereinbefore entitled, now pending, at issue and for trial in said court, that each thereof shall be heard, tried, and determined upon the summons, notice of no personal judgment, complaint, and answer, and upon the following facts, admitted for such purpose, to wit: (1) That Jacob Schutz died intestate in the county of Houston and state of Minnesota on the 5th day of May, A. D. 1876, seised of the $10\frac{1}{2}$-acre tract of land as well as of the 40-acre tract of land described in the complaint, and that the latter tract was at and before his death used and occupied by him and his wife as his homestead. (2) That his said wife or widow has continued to occupy same ever since, and still occupies it as her homestead. (3) That said Mrs. Jacob or Wilhelmina Schutz, the defendant, is the widow, and the defendants Lydia Franklin, Henry Schutz, and Christian Schutz are all the children and heirs left by said Jacob Schutz, deceased; that the defendant Daniel Klein was, on the 15th day of October, A. D. 1883, duly appointed by the probate court of this county sole administrator of the estate of said Jacob Schutz, deceased; that he duly

qualified as such, and has ever since acted, and still is acting, in that capacity, and he has never been discharged. (4) That on the 24th day of March, A. D. 1884, in the probate court of said county, upon proceedings in the matter of the estate of Jacob Schutz, deceased, an order, decree, or judgment was entered allowing a claim of $334.08 in favor of the estate of M. B. Wilhelm against the estate of Jacob Schutz; and another order, decree, or judgment was then and there entered, allowing a claim of $215.25 in favor of said Killian Boltz against the estate of said Jacob Schutz. (5) That no part of such judgments has been paid, except the sum of $23 upon the former and $15.36 upon the latter, by said administrator, on the 8th day of September, A. D. 1884. (6) That the plaintiff Eugene Wilhelm has succeeded to and represents all the rights, title, and interest of the estate of his father, M. B. Wilhelm, deceased, in and to said claim so allowed in favor of the estate of his deceased father. (7) That the 10½-acre tract of land mentioned and described in the complaint was, on the 26th day of July, 1884, by order of said probate court, sold by said administrator for the sum of one hundred dollars, and the proceeds of such sale were by said administrator applied to the payment of claims against the estate of said Jacob Schutz, deceased. Such sale and the disposition of the proceeds thereof were confirmed and approved by said probate court."

Both actions were heard in pursuance of the stipulation by the court, Whytock, J., who made an order in each case dismissing the action and directing judgment in favor of defendants except Klein. Affirmed.

*E. H. Smalley*, for appellants.

*James O'Brien*, for respondents.

COLLINS, J. There are several reasons why the court below rightfully dismissed these actions, but we need not mention all. The probate courts in this state have entire and exclusive jurisdiction over the estates of deceased persons in the same manner and to the same extent that our district courts have jurisdiction over civil cases at law and in equity arising out of other matters of contract or tort. When a particular probate court is invoked to exercise its jurisdiction in a particular case over a particular estate, and exercises that

jurisdiction, it attaches for all purposes connected with that estate, and continues until the estate is administered upon and settled according to law. State v. Ueland, 30 Minn. 277, 15 N. W. 245; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. If plaintiffs can maintain these actions, they could have brought them immediately upon the allowance of their claims, and could have since repeated the operation as frequently as they chose. If they have no remedy in probate court, they have none at all, for the district courts are powerless. They are wholly deprived of original jurisdiction in matters pertaining to claims against the estates of deceased persons. But, if this were not true, the debtor died May 5, 1876, and for almost one year after these plaintiffs' claims were allowed against his estate—on March 24, 1884—the proviso appended to G. S. 1878, c. 46, § 3, was in full force and effect. It was repealed by Laws 1885, c. 19, approved March 5, 1885. As was said in Re Ackerman, 33 Minn. 54, 21 N. W. 852, this proviso meant that the real estate of a deceased person should not continue liable to be sold for the payment of debts and claims, except such as had become liens before the death, after the lapse of three years thereafter. This case was followed in Gates v. Shugrue, 35 Minn. 392, 29 N. W. 57; and it was also held that, when property had been cleared by the taking effect of this proviso, such property was not affected by the repeal of 1885. The three-year proviso deprived these plaintiffs of any rights as against this land long before their claims were even allowed in probate court, and such rights cannot be revived by actions of this character. The pleadings and the stipulations as to facts failed to make it appear that plaintiffs were entitled to any relief in district court.

Judgments affirmed.