LOUISE H. HARRISON v. LUCY G. HARRISON.[1]

April 21, 1897.

Nos. 10,623—(236).[2]

**Sale of Decedent's Land—Power of Probate Court.**

> Pursuant to G. S. 1894, § 4598, a license to sell the real estate of a deceased
> person for the payment of debts was granted by the probate court, and
> subsequently extended for two years after the year therein named as the
> time in which the real estate should be sold, but said real estate was not
> sold under said license. *Held,* said license having expired at the end of said
> three years, the probate court has power to grant a new or second license.

In the probate court for St. Louis county, Lucy Gray Harrison, exec-
utrix, obtained a license to sell land belonging to her testator. Louise
Henry Harrison, an infant, by Henry S. Mahon, guardian ad litem, ap-
pealed to the district court for that county. From a judgment of
the district court, entered pursuant to the order of Cant, J., affirming
the order of the probate court, she appealed. Affirmed.

*Walter Ayers,* for appellant.
*Henry F. Greene,* for respondent.

CANTY, J. G. S. 1894, § 4598, provides:

"After an order of sale is made and said bond filed with the court, the
executor, administrator or guardian shall thereupon be authorized to

[1] Reported in 70 N. W. 802.      [2] April, 1897, term.

sell the real estate as therein described, within one year after the making of such order, or within such further time, not exceeding two years, as may be allowed by said court."

Under the provisions of this section, Lucy G. Harrison, as executrix of the estate of Matthew B. Harrison, deceased, was on September 10, 1892, duly licensed by the probate court of St. Louis county to sell the real estate left by said deceased for the payment of his debts. The license required her to sell the same within one year after the making of the order, and such time was afterwards extended by the orders of that court for two years longer, so that the license expired on September 10, 1895, three years after it was granted. No sale was made under this license, and, after it so expired, the executrix applied to the probate court for a new license, which was granted. The appellant, legatee under the will, appealed to the district court, where the order granting the second license was affirmed, and thereupon said legatee appealed to this court.

The only question presented on this appeal is whether the probate court has authority to grant such second license. Appellant contends that the power of the probate court, under the statute, to sell the real estate, has been exhausted by the granting of the first license and the expiration of the three years thereafter. We cannot agree with appellant. This section applies to the estates of persons under guardianship as well as to the estates of deceased persons. We cannot hold that the legislature intended to provide that if a license was granted to sell the real estate of a person under guardianship, and three years thereafter elapsed without a sale, the probate court should never afterwards have authority in the guardianship proceeding to sell that real estate for the payment of the ward's debts. Such would be an unreasonable and uncalled for construction of the statute.

But if that is the proper construction of the statute when applied to one class of estates, it must be when applied to the other class. The probate court is a court of general jurisdiction over certain classes of subjects; its jurisdiction over such subjects should be liberally construed, and its power or jurisdiction should not, on the slightest inference, be held to have lapsed. There are reasons why the legislature should limit the life of the license without limiting the power of the probate court to sell under a new or second license. The sureties on the sale bond, or the executor or administrator may, with the lapse of

time, become insolvent; the value or condition of the property may change.    The license must necessarily become stale with the lapse of time, and the legislature has seen fit to limit its life.    But it should not be inferred from this that the legislature intended that the power of the probate court should, with the life of the license, be exhausted. Prior to 1885, the proviso at the end of G. S. 1878, c. 46, § 3, limited the time in which the probate court could sell the real estate of a deceased person to pay debts to three years after his death.    See In re Ackerman, 33 Minn. 54, 21 N. W. 852, and Gates v. Shugrue, 35 Minn. 392, 29 N. W. 57, but· that proviso was expressly repealed by Laws 1885, c. 19.

Judgment affirmed.