MINNA KLEEBERG v. E. SCHRADER.[1]

June 29, 1897.

Nos. 10,530—(112).

**Probate Court—Jurisdiction—Contract to Make Will—Enforcement.**

In the lifetime of L., she and K. entered into an agreement whereby the former agreed to give and leave at the time of her death all her property and effects to the latter, and whereby the latter agreed, in consideration thereof, to support the former during her life. K. performed the contract on her part, and L. died. When her estate was about to be distrib-

[1] Reported in 72 N. W. 59.

uted in the probate court, K. appeared, and made claim to the same under said contract. *Held*, the probate court had jurisdiction to hear and determine such claim, as, on the death of L., K. was, under said contract, the immediate successor to said estate, subject to administration and the rights of creditors.

**Same—Property Covered by Contract.**

Said estate was personal property, and was the distributive share which came to L., as next of kin of her sister, who died 14 months before L. died, and whose estate was not settled or distributed at the time of the death of the latter. *Held*, such distributive share passed to K. by said contract, although this was made before the death of said sister of L., and when neither K. nor L. knew that said share would ever come to the latter.

**Secondary Evidence—Document beyond Jurisdiction.**

The contents of a written instrument shown to be beyond the jurisdiction of the court, and not in the control or custody of the party, may be proved by secondary evidence.

Appeal by defendant as administrator of the estate of Sarah Lebenbaum, deceased, from an order of the district court for Winona county, Buckham, J., denying defendant's motion for a new trial after findings and an order for judgment in plaintiff's favor. Affirmed.

*Chas. P. Brown,* for appellant.

*O. B. Gould,* for respondent.

CANTY, J.

Minna Kleeberg and Sarah Lebenbaum both resided in the duchy of Brunswick, in Germany, and the latter was the sister-in-law of the former. On September 16, 1883, they went together before a ducal notary, and entered into a written agreement, which was signed by each of them, and witnessed by two witnesses. By this agreement, Mrs. Lebenbaum agreed to leave and give at the time of her death a certain house owned by her, and all other property and effects owned by her at the time of her death, to Mrs. Kleeberg; but Mrs. Lebenbaum reserved to herself the use of the property during her lifetime, and the right to dispose of the same. Mrs. Kleeberg agreed, in turn, to furnish Mrs. Lebenbaum all the necessaries of life until her death. Mrs. K. fully performed this agreement on

her part until July 2, 1890, when Mrs. L. died intestate, except so far as said agreement is a testamentary disposition of her property.

One Lena Weinberg, who resided at Winona, in this state, died intestate on May 27, 1889. Mrs. Lebenbaum was her sister, and one of her heirs at law, and her estate was not settled or distributed when Mrs. L. herself died, some 14 months later. So defendant was by the probate court of Winona county appointed administrator of the estate of Mrs. L., and, as such administrator, he received from the administrator of the estate of Lena Weinberg the distributive share of Mrs. L., which consisted wholly of personal property. When the estate of Mrs. L. was about to be distributed by said probate court, Mrs. Kleeberg filed her petition in that court, claiming the whole of that estate so to be distributed, under said agreement made before the ducal notary in Germany. The probate court held that it had no jurisdiction to pass upon the claim of Mrs. K., and assigned said estate (consisting solely of said distributive share) to the heirs of Mrs. L. Mrs. K. appealed to the district court, where the order of distribution made by the probate court was reversed and set aside, and the estate awarded to Mrs. K. under said agreement. From the order of the district court denying a new trial, the administrator of Mrs. L. appeals to this court.

The principal question raised is whether the probate court had jurisdiction to hear and determine the claim of Mrs. K. to the estate of Mrs. L. under said written contract. We are of the opinion that the court had jurisdiction. That court has jurisdiction to determine the immediate succession to the property of the deceased after the death of the latter, subject to administration and the rights of creditors. If the property passed to the heir or next of kin, and was claimed by some third party by reason of some transaction between him and such heir or next of kin, the probate court would not have jurisdiction to pass upon such claim. Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9.

But such is not this case. If the claim of Mrs. K. is well founded, the heirs never had any interest in or claim to the property growing out of the death of Mrs. L. at all. If this written contract complies in all respects with section 4426, G. S. 1894, as it appears to do, why could it not be filed and proved as the last will and testament of

Mrs. L.? The fact that a valuable consideration was given for the contract, and it is in one sense irrevocable, does not deprive it of its character as a last will. Of course, this method of proceeding would amount to specific performance of the contract; and, as the subject of the contract here .in controversy is personal property, specific performance could not be enforced if Mrs. L. had in her lifetime repudiated the contract, or attempted to revoke such testamentary disposition of her property, and the remedy for such breach of the contract would be the filing of a claim for damages against the estate. And in that case the probate court would have jurisdiction to hear and determine such claim.

But it was not necessary to file and prove this contract as a last will. If the contract had not been witnessed by two witnesses, so as to be provable as a last will, it would still be enforceable as a contract; and the claimant, Mrs. K., cannot be in a worse position because the contract is thus witnessed than she would be if it had not been witnessed. She cannot be worse off because her contract is thus provable than she would be if it was not thus provable. Mrs. L. committed no breach of the contract in her lifetime, and performance was not rendered impossible by reason of her death. On the contrary, her death was the very condition on which the contract was to vest her estate in Mrs. K., subject to administration and the rights of creditors. Under these circumstances, the probate court can, in the exercise of the equity powers necessary to make its jurisdiction effective, award the property to Mrs. K.

2. We are also of the opinion that the distributive share which came to Mrs. L. from the estate of Lena Weinberg is covered by this contract, although neither Mrs. K. nor Mrs. L. knew when the contract was made that such share would ever come to Mrs. L., and although the estate of Lena Weinberg was not settled when Mrs. L. died.

3. On the trial of this action the deposition of Mrs. K., taken in Germany, was read in evidence. By one of the interrogatories, she was asked if she had said written contract in her possession. She answered:

"According to German law, such papers must be deposited ultimately with the local courts. The one in question is in the custody

of the ducal court of Holzminden.    Here is an attested copy of the same."

The court sustained an objection "as to that part of the answer which states the requirements of the German law."    To the next interrogatory she answered that the copy she so presented is a "full, true, and faithful one."    This copy was attached to the deposition, and was offered in evidence, and objected to.

Conceding that the ground of the objection to this offer is that the copy is secondary evidence, we are of the opinion that the court did not err in overruling the objection.    The evidence tended to prove that the written contract was never delivered to either party, but, with the consent of both parties, was at the time of its execution left with the ducal notary to be kept by him for both parties, and that neither party ever had the custody or control of the instrument. The trial court was warranted in finding these facts from the evidence and circumstances of the case, and, from this ruling, it must be held that it did so find.    If the instrument was not within the control of Mrs. K., but in the control of some third party in a foreign country, he could not be compelled, even if his own deposition was taken, to attach the original to the deposition, and could only be required to furnish a copy for that purpose.    5 Am. & Eng. Enc. Law, 602, note 4.    The contents of a written instrument beyond the jurisdiction of the court, and not in the control or custody of the party, may be proved by secondary evidence.    Binney v. Russell, 109 Mass. 55, and cases cited; Brown v. Wood, 19 Mo. 475.    Then the objection was properly overruled.

The order appealed from is affirmed.