ALBERT R. STARKEY v. HANNAH SWEENEY and Others.[1]

71 241
71 373

January 19, 1898.

Nos. 10,841—(231).

**Estate of Decedent—Administration—Claimant of Distributive Share —Assignee of Heir—Accounting—Jurisdiction of District and Probate Courts.**

A third party who, by reason of some transaction between him and an heir or next of kin, claims the distributive share of the latter in the estate of a deceased person, may appear in the probate court, demand an accounting as to such share, and oppose proceedings to devest such heir or next of kin of such share, and vest the same in the others who claim it as distributees, and may demand an accounting as to such share. The district court has no original jurisdiction as to these matters.

Action in the district court for Ramsey county against Hannah Sweeney in her own right and as administratrix of the estate of Edward Sweeney, and others. The facts are stated in the opinion. From an order, Bunn, J., sustaining demurrers to the complaint, plaintiff appealed. Affirmed.

*Charles J. Berryhill*, for appellant.

This controversy is between appellant and the respondents, all of whom are alive. The jurisdiction of the district court is invoked for relief which appellant has no right to obtain in the probate court, because he does not claim either as heir or as distributee. In re Langevin, 45 Minn. 429, rules this appeal. That case decides that a judgment creditor against an heir of one dying seized of real estate has an interest that entitles him to contest the probate of a will, which, if admitted to probate, will defeat the lien of his judgment. By G. S. 1894, § 4435, all persons interested can contest such probate. But by sections 4639 to 4642 the residue of the estate shall be distributed to the persons entitled thereto, meaning the heirs, devisees and legatees, and no others. The final decree names the persons and the proportions of each in the real and personal

[1] Reported in 73 N. W. 859.

property. The interest of a judgment creditor of an heir attaches immediately upon the death of decedent, and that interest cannot be affected by such final decree. His remedy is in the district court. Farnham v. Thompson, 34 Minn. 330; 1 Woerner, Adm. § 151; 2 Woerner, Adm. § 563; Holcomb v. Sherwood, 29 Conn. 418; Tillson v. Small, 80 Me. 90; Portevant v. Neylaus, 38 Miss. 104; Wood v. Stone, 39 N. H. 572; Knowlton v. Johnson, 46 Me. 489; Owens v. Thurmond, 40 Ala. 289; Towles v. Towles, 1 Head, 603; In re Nerac, 35 Cal. 392.

To say appellant seeks to coerce the probate court ignores the principle that the proceedings of a court of equity operate in personam.

*Stevens, O'Brien, Cole & Albrecht,* for respondents.

The constitution creates the probate courts and gives them their jurisdiction. Over the estates of deceased persons and of those under guardianship their jurisdiction is exclusive. State v. Ueland, 30 Minn. 277; Culver v. Hardenbergh, 37 Minn. 225; Schmidt v. Stark, 61 Minn. 91; Boltz v. Schutz, 61 Minn. 444; Luse v. Reed, 63 Minn. 5, 11. The complaint alleges partition proceedings are being had in the matter of Edward Sweeney's estate and that the probate court is asked to pass upon advancements made. By G. S. 1894, § 4653, the probate court has jurisdiction of partition, and by sections 4645 to 4652 it has jurisdiction of advancements. Determining who are the heirs and to what they are entitled, the consideration of advancements and the partition of the estate during administration are all parts of administration, and the probate court, having once assumed jurisdiction of the estate, has entire control of such proceedings. The claim that real estate which descends to the heir cannot be affected by the action of the probate court has no foundation. Farnham v. Thompson, 34 Minn. 330, 336. An heir's interest in real estate may be sold to pay debts, or he may be excluded from a part or all of the estate, real as well as personal, if advancements have been made to him. These respondents cannot be brought into the district court in order to have that court determine who are the heirs of Edward Sweeney or to what they are entitled.

The extraordinary powers of a court of equity are invoked. The relation borne by the court of chancery to the court of common law differed greatly from the relation of our district court to the probate court. Within its own jurisdiction our probate court is a court of equity. Even in Pennsylvania the orphan's court,—a statutory court of very limited powers—is a court of equity. Loomis v. Loomis, 27 Pa. St. 233; Mussleman's Appeal, 65 Pa. St. 480.

In the present case conditions do not exist upon which a chancery court can interfere with another court. A court of equity acting in personam never interferes when full justice can be done in the court where proceedings have been begun. White & Tudor, L. C. Eq. 1299; Grand Chute v. Winegar, 15 Wall. 373. Appellant can appear and be heard in the probate court. In re Langevin, 45 Minn. 429. Even when courts have co-ordinate jurisdiction they abstain from interfering with each other. White & Tudor, L. C. Eq. 1389, and cases cited.

CANTY, J.[2]

The complaint alleges, in substance, that on September 1, 1894, plaintiff held several judgments against the defendant Michael F. Sweeney, aggregating in amount the sum of $1,030; and on that day the latter made his promissory note to plaintiff for that sum, and, to secure the same, entered into an agreement with plaintiff whereby he agreed, on the death of his father, Edward Sweeney, to assign, mortgage and convey all his interest in his father's estate to plaintiff, and all the rights that would come to him, Michael F. Sweeney, from his said father; that said Edward Sweeney, then an old, infirm man, died intestate thereafter on April 29, 1895; that he left a large estate, consisting of both real and personal property, and left, surviving him, his widow and four other children, all of whom are made defendants in this action; and that the widow was by the probate court of Ramsey county appointed administratrix of the estate.

It is further alleged that the other defendants claim to be the owners of the share of Michael F. Sweeney in said estate, and falsely and fraudulently claim that, by reason of advancements made to

[2] BUCK, J., absent, took no part.

him from the estate in his father's lifetime, he is not now entitled to any part of the estate in the hands of the administratrix; and that the defendants are proceeding with the settlement of the estate on this basis, and are proceeding to have the probate court partition and distribute to the other defendants all of the estate, including the share of Michael; and that all of said claims of said other defendants are false and unfounded. The relief demanded is that the administratrix account to plaintiff for Michael's share of the estate; that all of the defendants be restrained from proceeding with the final settlement of the estate in the probate court until the determination of this action; and that plaintiff's lien on Michael's share of the estate be foreclosed, and such share sold to pay the amount due plaintiff. All of the defendants except Michael demurred to the complaint, on the ground that it does not state a cause of action against them, and that the court has no jurisdiction of the subject of the action. From an order sustaining the demurrers, plaintiff appeals.

If the facts stated by appellant are true, he is entitled to relief in some court. But the accounting of the administratrix and the distribution of the estate must be had in the probate court. The district court has no original jurisdiction as to these matters. Jacobs v. Fouse, 23 Minn. 51; State v. Ueland, 30 Minn. 277, 15 N. W. 245; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Boltz v. Schutz, 61 Minn. 444, 64 N. W. 48; Luse v. Reed, 63 Minn. 11, 65 N. W. 91.

True, it has been held by this court that where the share of the estate in question descends or passes to the heir or next of kin, and is claimed by a third party by reason of some transaction between him and such heir or next of kin, the probate court has no jurisdiction to determine the controversy between them. Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9; Kleeberg v. Schrader, 69 Minn. 136, 72 N. W. 59. But it has also been held that such a third party may appear in the probate court for the purpose of opposing a proceeding to devest such heir or next of kin of his right or title to such share, and vest the same in others who claim it as distributees. In re Langevin, 45 Minn. 429, 47 N. W. 1133. Of course, for the purpose of showing his interest in the controversy, the third

party must in such a case prove his claim to such share. This will incidentally bring the controversy between him and such heir or next of kin into the probate court, and whether or not the probate court, having obtained jurisdiction of that controversy for one purpose, may go on and completely and finally dispose of that controversy for all purposes, is a question which it is not necessary now to consider.

We are of the opinion that appellant may appear in the probate court, and ask for the accounting which he seeks, and may be heard in that court on the proceeding for the distribution of the estate, and that the district court has no original jurisdiction as to these matters. The order appealed from is therefore affirmed.