## Daniel Rice, *et al.*

### vs.

### Horace Austin, Governor of Minnesota.

The duties imposed upon the Governor by *ch.* 56 *Special Law* 1862, and *ch.* 140 *Spe. Law* 1866 are not imposed upon the person, who was at the time of their enactment, or may since have been the incumbent of the executive office, as a private person; but they are imposed upon the

Governor in his official capacity. The judicial and executive depart-
ments of our state government having been made distinct and indepen-
dent by *Article III* of our state constitution, neither can enforce the per-
formance of its duties by the other.

The duties imposed by the legislative acts above cited are none the
less official duties of the Governor because their performance might have
been entrusted to some other person.

The court declines to comply with a request by the Governor for its
*opinion* upon the proper construction of an act of the legislature, (*ch.*96,
*Laws* 1869,) following 10 *Minn.* 78.

This was a proceeding commenced in this court, the nature of
which is stated in the opinion.

HENRY J. HORN, ALLIS, GILFILLAN & WILLIAMS, and W. K.
GASTON, for Petitioners.

F. R. E. CORNELL, Attorney General, for Respondent.

*By the Court.*—BERRY, J.—This is an application for a writ
of mandamus to be directed to Horace Austin, Governor of
this State, commanding him to execute and deliver to the pe-
titioners a deed of certain lands under the provisions of *ch.* 56,
*Sp. Laws*, 1862, and *ch.* 140, *Sp. Laws* 1866.

By *ch.* 56, *Sp. Laws* 1862, certain persons, to whose rights
the plaintiffs claim to have succeeded, are appointed com-
missioners to survey, locate and construct a state road, to
facilitate the construction of which ten thousand acres of
swamp land, belonging to the state, are appropriated. Sec-
tion 4 of said chapter enacts that, if within a time specified,
the road shall have been surveyed and constructed, and maps
and field notes filed as prescribed in said section, "then the
aforesaid quantity of ten thousand acres of swamp lands shall
be deeded by the state to said commissioners, provided, how-
ever, that the governor of the state shall have first been satis-

Rice et al. v. Austin.

fied, after a proper inspection of the road by a competent agent appointed by himself, that the work required by the provisions of this section has been faithfully performed." *Ch.* 111, *Sp. Laws* 1866, which, to some extent, supplements and amends said chapter 56, after authorizing the commissioners before named to select the land appropriated as aforesaid, empowers the governor to convey the same to said commissioners or their assigns by sufficient deeds, "*provided, however*, that before the execution of the deeds of conveyance the governor of the state shall be satisfied" that said commissioners have constructed the road in accordance with the provisions of said chapter 56.

These quotations show that the duties imposed by the laws referred to, are not imposed upon the person who was at the time of their enactment, or may since have been, the incumbent of the executive office, as a private person ; but that they are imposed upon the governor in his official capacity. This proposition requires no proof, and yet we cannot forbear to remark that, unless it be sound, no legal duty whatever in the premises is imposed upon any one. That is to say, unless the incumbent of the gubernatorial office is bound to act under these laws *as governor*, he is not bound to act at all, not having assumed or undertaken to perform any duties except as governor. It is plain, however, that these duties pertain to the office of governor, or, in other words, they are executive duties.

Article III. of our state constitution provides as follows: " The powers of government shall be divided into three distinct departments, legislative, executive and judicial ; and no person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others, except in the instances expressly provided in this constitution." The judicial and

executive departments are thus made distinct and independent, and as neither is responsible to the other for the performance of its duties, so neither can enforce the performance of the duties of the other. *Dennett Petitioner*, 32 *Maine*, 508; *Low vs. Towns*, 8 *Ga.* 372; *Mauran vs. Smith* 8 *R. I.* 192; *Hawkins vs. the Governor*, 1 *Ark.* 570; *The State vs. the Governor*, 1 *Dutcher*, 349; *H. T. and B. Railway Co. vs. Randolph*, 24 *Texas*, 317; *The People vs. Bissell*, 19 *Ill.* 229.

Upon this ground, the writ prayed for must be refused. We will however, briefly notice one or two positions, which have been taken in opposition to the views above expressed.

It is contended, that the duties imposed by the laws referred to are not official duties of the executive department, because the legislature might have entrusted their discharge to any person, and hence it is argued that their performance may properly be compelled by mandamus. This position is well met by Chief Justice Shepley in *Dennett Petitioner* (*supra.*) "It does not follow," he says, "that an act cannot be the official act of a department of the government, because other persons might lawfully have performed the same act, if performance had been by law entrusted to them. This court has been authorized to lay out highways, and it could do so only as a court, and in the exercise of its official duties, and yet other persons might have been authorized to perform those duties. Money is granted, and works are directed to be performed by law, under the direction of the president of the United States, or of a governor of a state. In such cases, the law might have entrusted the supervision to other persons. The duty is not necessarily to be performed by an executive department of the government by any provision of the constitution. When the performance is by law entrusted to an executive department of a government *eo nomine*, the performance of the duty is an official act. The individual or persons

Rice et al. v. Austin.

composing the executive department cannot perform the act without being clothed with the official authority.''

Again it is insisted, as it has been held in *State vs. the Governor*, 5 *Ohio State*, 534, and in *Cotten vs. Ellis*, 7 *Jones, Law*, (*N. C.*) 550, and perhaps in *Pacific Railroad vs. the Governor*, 23 *Mo.* 353, that where the duty to be performed is purely ministerial, requiring no exercise of discretion upon the part of the governor, (which the petitioner claims is the case here,) its performance may properly be enforced by mandamus. But admitting for argument's sake that the duty in this case is purely ministerial, we see no good reason for the distinction thus drawn between ministerial and other duties.

The constitutional provision, by which the departments of government are made distinct and independent, are broad and general, and recognize no such distinction.

If the judicial department can so far control the executive, as to compel the performance of ministerial duties, then the two are no more distinct and independent, except in degree, than if the judiciary could compel the executive to perform all its duties, whatever their nature. See *State vs. the Governor*, 1 *Dutcher*, 349 ; *Mauran vs. the Governor, supra* ; *The People vs. Bissell, supra.*

In this case, the attorney general in behalf of the governor, has filed what we understand to be a request for our opinion upon the construction of *ch.* 96, *Laws* 1869, which has some relation to the subject of this application. With this request, we must respectfully decline to comply for the reasons expressed by us upon a similar application by the senate in 10 *Minn.* 78. We have not referred particularly to *ch.* 96, *Laws* 1869, in our examination of this case, because the plaintiffs claim no right under it, and for the further reason, that, in our view, it would raise no question differing in principle from those above considered.

Application dismissed.