THE STATE OF MINNESOTA, *ex rel*. THE COUNTY TREASURER OF MILLE LACS COUNTY,

*vs.*

E. W. DIKE, TREASURER OF THE STATE OF MINNESOTA.

THE STATE OF MINNESOTA, *ex rel*. NORMAN WRIGHT,

*vs.*

S. P. JENNISON, SECRETARY OF STATE OF THE STATE OF MINNESOTA.

Under the constitution of this state, the courts have no jurisdiction to control the officers of the executive department of the government in the performance of their official duties, and cannot acquire jurisdiction by consent of such officers.

The duties imposed on the secretary of state by sec. 15 of chapter 46 of the Laws of 1868, are his official duties as an executive officer, notwithstanding that the legislature might have imposed them on some other person.

In mandamus against the secretary of state, the court, having no jurisdiction of the proceeding, declines to comply with the joint request of the relator and the respondent for its opinion upon the true construction of an act of the legislature.

*In the matter of the application of the Senate*, (10 *Minn*, 78), and *Rice vs. Austin*, (19 *Minn*. 103,) followed.

Original.    The cases are stated in the opinion.

LOCHREN, MCNAIR & GILFILLAN, for Relator in the first case.

GEO. P. WILSON, Attorney General, for the Respondent.

BIGELOW, FLANDRAU & CLARK, for Relator, in second case.

M. S. WILKINSON, for Respondent.

*By the Court.*—YOUNG, J.—These are two alternative writs of mandamus, directed to the state treasurer and to the secretary of state, respectively.

In the first case, upon the return of the writ, the attorney general, appearing in behalf of the respondent, objected to the jurisdiction of the court to compel the state treasurer by mandamus, to the performance of any official act. The objection is well taken.

The third article of the constitution provides as follows: " The powers of the government shall be divided into three distinct departments, legislative, executive and judicial ; and no person or persons belonging to, or constituting one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the instances expressly provided in this constitution." · The fifth article provides as follows: " Section 1. The executive department shall consist of a governor, lieutenant governor, secretary of state, auditor, treasurer and attorney general, who shall be chosen by the electors of the state."

In the recent case of *Rice vs. Austin,* 19 *Minn.* 103, (an application for a mandamus to the governor,) after much consideration, and a careful examination of the authorities, it was held that the executive and judicial departments being made distinct and independent by the third article of the constitution, and neither being responsible to the other for the performance of its duties, so neither can enforce the peformance of even ministerial duties by the other. As the state treasurer is, equally with the governor, an officer of the executive department, the case of *Rice vs. Austin,* which we are satisfied was decided correctly on principle and authority, is conclu- sive against the jurisdiction of the court, and the proceeding against the treasurer must be dismissed.

In the proceeding against the secretary of state the relator

seeks to compel the respondent to audit certain accounts for public printing, performed by the relator for the state, under a contract with the commissioners of public printing, pursuant to chapter 46, of the Laws of 1868.

By that act it is provided as follows: "Section 1. The secretary of state, state treasurer, and state auditor shall be *ex officio* commissioners of public printing during the term of office respectively."

It is argued by the relator's counsel, that the duties imposed on the respondent by this statute are imposed on him, not as secretary of state, but as a member of the board of commissioners, created by the section quoted; that therefore the duty of auditing these accounts is not the duty of the secretary, as an executive officer; and that, for this reason, the case is distinguishable from *Rice vs. Austin*, and a mandamus may properly be directed to the respondent, not in his character of secretary, but as a commissioner of public printing.

The act, however, provides, (section fifteen,) that "the secretary of state  *  *  *  *  shall audit all accounts for printing and binding executed under the provisions of this chapter." The duty is cast upon the secretary *eo nomine*, and is thus made his official duty, as an executive officer, according to the rule laid down in *Dennett, petitioner, 32 Maine, 508,* and adopted and followed in *Rice vs. Austin*.

The distinction taken in *Chamberlain vs. Sibley, 4 Minn. 312,* between the different kinds of acts required by law to be done by executive officers, was not necessary to the decision of that case, and is in conflict with the decision in *Rice vs. Austin*.

The secretary of state has appeared in open court, has expressly waived the benefit of his constitutional exemption, and has offered to submit to the jurisdiction. It is contended that in such case the secretary's consent gives the court jurisdiction, at least so far as to authorize us to determine the

merits of the controversy between the relator and the respondent, and we are referred to the cases of *People vs. Bissell*, 19 *Ill.* 229; *People vs. Mattison*, 17 *Ill.* 167; *Pacific R. R. vs. The Governor*, 23 *Mo.* 353.

The supreme court of Missouri, in the case last cited, while holding that an alternative writ of mandamus may issue to the governor, and reserving the question of jurisdiction until the final hearing upon the return of the writ, says (at p. 359): " If, by the law of the land, a writ of mandamus cannot issue to the chief magistrate of the state, we do not maintain that he can waive this exemption.   The rule, ' *quilibet potest renunciare juri pro se introducto*,' is not applicable to this case." In this we concur.

The exemption of the secretary of state from coercion by the courts is not a personal privilege of the incumbent of the office, created for his benefit, and to be asserted or waived at his pleasure.   An executive officer cannot surrender the defenses which, not for his, but for the public good, the constitution has placed around his office.   Still less can his consent authorize this court to transgress the constitutional limitation of its powers, and assume a jurisdiction, which, by the fundamental law, it is expressly forbidden to exercise.

It is conceded that if, after a hearing upon the merits, the court should direct a peremptory mandamus to issue, the respondent will not be bound by his submission already made, and cannot be compelled to obey the commands of the writ.

As we cannot assume jurisdiction of this proceeding as of a controversy between parties, neither are we at liberty to comply with the joint request of the relator and respondent, that we express our opinion on the construction of those sections of chapter 46, of the laws of 1868, upon which, it is stated, the duties of the relator toward the respondent depend.   The circumstance that the relator joins with the

respondent in this application, and that it is made in the form of a judicial proceeding, of which we have no jurisdiction, is not sufficient to distinguish the case, in principle, from a similar application by the respondent alone, which we should be obliged to refuse for the reasons stated in 10 *Minn.* 78, (*In the matter of the application of the Senate,*) and approved in *Rice vs. Austin, supra.*

The proceedings in both cases must therefore be dismissed.