In the Matter of the Claim of DANIEL C. HARNETT, Respondent, against THOMAS J. STEEN COMPANY et al , Appellants.

**Appeal — Workmen's Compensation Act — construction of provisions for appeals to the Court of Appeals — when such appeals cannot be taken unless certified by Appellate Division or permitted by Court of Appeals or a judge thereof.**

1. The Workmen's Compensation Act provides a summary remedy which differs in substantial respects from a civil action to recover damages for personal injuries caused by negligence. It was not the legislative design to extend the right of appeal or to permit appeals to the Court of Appeals in cases arising under it where no right of appeal would exist if the employee had sought to enforce his rights in an action for damages for personal injuries resulting from negligence.

2. Under the provisions of that act (L. 1914, ch. 41, § 23), an appeal cannot be taken to the Court of Appeals from a unanimous decision unless the Appellate Division permits it and certifies that in its opinion a question of law is involved which ought to be reviewed or unless, in case of its refusal to so certify, an appeal is allowed by a judge of this court. (Code Civ. Pro. § 191.)

*Matter of Harnett* v. *Steen Co.*, 169 App. Div. 905, appeal dismissed.

(Argued September 27, 1915; decided October 19, 1915.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 10, 1915, unanimously affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (Harold J. Hinman* of counsel), for motion.

*Bertrand L. Pettigrew* and *Walter L. Glenney* opposed.

SEABURY, J. An employer and an insurance carrier have appealed to this court from an order of the Appel-

late Division confirming an award in favor of the claimant made by the Workmen's Compensation Commissiôn. The appellants applied to the Appellate Division for leave to appeal to the Court of Appeals and that application was denied. No permission to appeal has been granted by a judge of this court. The attorney-general has moved to dismiss the appeal. The question presented for determination involves the interpretation of section 23 of the Workmen's Compensation Act (Chap. 67 of the Consolidated Laws; L. 1914, ch. 41). That section provides as follows:

"§ 23. Appeals from the commission. An award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless within thirty days after a copy of such award or decision has been sent to the parties, an appeal be taken to the appellate division of the supreme court of the third department. The commission may also, in its discretion, where the claim for compensation was not made against the state fund, on the application of either party, certify · to such appellate division of the supreme court, questions of law involved in its decision. Such appeals and the questions so certified shall be heard in a summary manner and shall have precedence over all other civil cases in such court. The commission shall be deemed a party to every such appeal, and the attorney-general, without extra compensation, shall represent the commission thereon. An appeal may also be taken to the court of appeals in all cases where such an appeal would lie from a decision of an appellate division, in the same manner and subject to the same limitations as is now provided in civil actions. Otherwise such appeals shall be subject to the law and practice applicable to appeals in civil actions. Upon the final determination of such an appeal, the commission shall make an award or decision in accordance therewith."

The Workmen's Compensation Law was enacted to pro-

vide a new remedy to the employee who received acci-
dental injuries in the course of his employment, or in case
of the death of the employee, to his dependents.    (*Matter
of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514.)    It
provides a summary remedy which differs in substantial
respects from a civil action to recover damages for personal
injuries caused by negligence.    It is not instituted in a
court, but is conducted by an administrative board or com-
mission, and is commenced by a notice of injury and claim.
Notice is given to all parties interested.    The proceedings
before the commission are informal.    The decision of the
commission on the facts is made final and conclusive.
(Workmen's Compensation Law, section 20.)    In the
absence of constitutional or statutory sanction there is no
right of appeal. .   The provision of section 23 of the Work-
men's Compensation Law that an appeal may be taken
to the Court of Appeals in all cases where such an appeal
would lie from a decision of the Appellate Division, is sub-
ject to the restriction contained in the clause of the stat-
ute which provides that such appeals may be taken " in
the same manner and subject to the same limitations as
is (are) now provided in civil actions."    By this language
the legislature intended to assimilate the practice upon
appeal to the Court of Appeals in these cases to the prac-
tice now obtaining upon appeals from judgments in
actions for damages for personal injuries resulting from
negligence.    The limitation upon appeals in actions of that
character is contained in section 191 of the Code of Civil
Procedure.    Under the limitation therein prescribed no
unanimous decision of the Appellate Division is appeal-
able to the Court of Appeals unless the Appellate Division
permits such an appeal and certifies that in its opinion a
question of law is involved which ought to be reviewed
by the Court of Appeals, or unless, in case of its refusal
to so certify, an appeal is allowed by a judge of the Court
of Appeals.    A different interpretation would fail to give
effect to the provision of section 23 of the Workmen's

Compensation Law, which subjects appeals from a decision of the Appellate Division to the same limitations that are now provided in civil actions of the character referred to. The policy of the Workmen's Compensation Law was to devise a method by which payments to workmen who sustained personal injuries should be made in an expeditious manner, and thus avoid the delays incident to the method of granting relief in cases of this character through a civil action for damages. We do not think that the legislative design was to extend the right of appeal or to permit appeals to this court in cases arising under the Workmen's Compensation Law where no right of appeal would exist if the employee had sought to enforce his rights in an action for damages for personal injuries resulting from negligence.

It follows that the appeal should be dismissed, with costs and ten dollars costs of motion.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.

Appeal dismissed.