In the Matter of a Resolution Requiring Payment into the State Fund of Death Benefits under the Workmen's Compensation Law.

SELF-INSURER'S ASSOCIATION et al., Appellants, *v.* STATE INDUSTRIAL COMMISSION, Respondent.

Courts — industrial commission — courts of this state have no authority or jurisdiction to give advisory opinions — question whether industrial commission has power under the Workmen's Compensation Law to compel insurance carriers and self-insurers to pay into a state fund value of death benefits awarded under the statute (Workmen's Compensation Law, § 27, as amd. L. 1917, ch. 705) — courts cannot give opinion when commission made no decision and there was no case or controversy before it.

1. The function of the courts is to determine controversies between litigants and they do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function and the legislature, even if it attempted to do so, has not the power to charge the courts with the performance of non-judicial duties.

2. A resolution that every mutual compensation insurance carrier and every self-insurer should pay into the state fund under the statute (Workmen's Compensation Law [Cons. Laws, ch. 67, § 27], amd. L. 1917, ch. 705) the present value of death benefits under every award against such insurance carriers for deaths occurring between July 1, 1914, and July 1, 1917, was presented to the industrial commission which, without adopting or rejecting the resolution, certified to the Appellate Division the question whether the commission had the power to require such payments, and the Appellate Division did not, because it could not, order anything to be done or foreborne, but answered the question propounded in the affirmative and certified the question to the Court of Appeals. Such an appeal was not justified under section 23 of the Workmen's Compensation Act which authorizes an appeal to the Appellate Division from an award or decision of the commission. The commission made no decision and there was no case or controversy before it, and the order under review is not one which finally determines a special proceeding, and is not an inter-

mediate order in a special, or any other judicial proceeding, hence, is not appealable to this court.

*Matter of Payment of Death Benefits under Workmen's Compensation Law,* 181 App. Div. 962, appeal dismissed.

(Argued April 29, 1918; decided May 28, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 11, 1918, answering in the affirmative a question certified by the state industrial commission under section 23 of the Workmen's Compensation Law.

The question certified is stated in the opinion.

*R. A. Mansfield Hobbs, Robert E. Whalen, Frank V. Whiting, Faulkner Hill* and *John J. Cushing* for appellants.

*George A. Blauvelt* for American Mutual Liability Insurance Company et al., *amici curiæ.*

*Merton E. Lewis,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

CARDOZO, J. On July 2, 1917, one of the members of the state industrial commission proposed to that body a resolution that every mutual compensation insurance company and every self-insurer should pay into the state fund, under section 27 of the Workmen's Compensation Law, as amended by chapter 705 of the Laws of 1917, the present value of death benefits under every award against such insurance carriers for deaths occurring between July 1, 1914, and July 1, 1917, inclusive.

The resolution was neither adopted nor rejected. All that the commission did was to recite that there was doubt about its power, and to certify to the Appellate Division a question of law to be answered by that court. The following is the question certified: " Has the state

industrial commission power and authority under the provisions of section 27 of the Workmen's Compensation Law, as amended by chapter 705 of the Laws of 1917, to require the payment into the state fund, in accordance with the provisions of said section, of the present value of unpaid death benefits in cases in which awards were made prior to July 1, 1917? "

At the Appellate Division the Self-Insurer's Association, an unincorporated body of insurers, was allowed to appear and file a brief. Like permission was granted to the New York Central Railroad Company. Till then the attorney-general stood before the court alone. Even afterwards there were no adverse parties. There were merely friends of the court striving to enlighten its judgment. The Appellate Division did not order anything to be done or foreborne. It could not. It merely answered a question. Its order was that the question propounded be answered in the affirmative. It thereupon granted leave to the intervenors to appeal to this court. The same question that was certified to the Appellate Division has been certified to us.

The determination of such an appeal is not within our jurisdiction. The practice is said to be justified under section 23 of the act. That section authorizes an appeal to the Appellate Division from an award or decision of the commission. It then provides that " the commission may also, in its discretion certify to such Appellate Division of the Supreme Court, questions of law involved in its decision." Appeals may be taken to this court subject to the same limitations as in civil actions (*Matter of Harnett* v. *Steen Co.*, 216 N. Y. 101).

Nothing in these provisions sustains the practice followed. The commission made no decision. There was no case or controversy before it. No summons to attend a hearing had been given to the insurance carriers.

No carrier had appeared. The members of the commission, debating their powers among themselves, asked and obtained the advisory opinion of a court. Without notice to the carriers to be affected by their action, they fortified themselves in advance by judicial instruction. In such circumstances the answer of the Appellate Division bound no one and settled nothing. We do not know that the commission will ever adopt the proposed resolution. If it does, and so notifies the carriers, the legality of its action will remain open for contest in the courts. No advice that may now be given in response to a request for light and guidance can prejudge the issue or control the outcome.

In that situation our duty is not doubtful. The function of the courts is to determine controversies between litigants (*Interstate Commerce Commission* v. *Brimson*, 154 U. S. 447, 475; *Osborn* v. *Bank of U. S.*, 9 Wheat. 738, 819; *Mills* v. *Green*, 159 U. S. 651; *Marye* v. *Parsons*, 114 U. S. 325, 330; *Am. Book Co.* v. *Kansas*, 193 U. S. 49). They do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function (Thayer, Cases on Constitutional Law, vol. 1, p. 175; American Doctrine of Const. Law, 7 Harvard Law Review, 153). It is true that in England the custom of the constitution makes the judges of the high court the assistants of the Lords, and requires them, upon the demand of the Lords, to give " consultative " opinions (Thayer, *supra; Opinion of the Justices*, 126 Mass. 557, 562). But that custom is a survival of the days when the judges were members of the great council of the realm (Thayer, *supra;* T. E. May, Parliamentary Practice [12th ed.], pp. 55, 56, 182; Anson, Law and Custom of the Constitution, pp. 45, 52, 449). In the United States no such duty attaches to the judicial office in the absence of express provision of the Constitution (*Dinan* v. *Swig*, 223 Mass. 516, 519;

*Opinion of Court,* 62 N. H. 704, 706; *Rice* v. *Austin,*
19 Minn. 103). Even in those states, *e. g.*, Massachusetts,
Maine and New Hampshire, where such provisions are
found, the opinions thus given have not the quality of
judicial authority. 'The judges then act, " not as a
court, but as the constitutional advisers of the other
departments " (*Opinion of Justices,* 126 Mass. 557, 566;
*Laughlin* v. *City of Portland,* 111 Me. 486, 497). In this
state the legislature is without power to charge the courts
with the performance of non-judicial duties (*Matter of
Davies,* 168 N. Y. 89). It has not attempted to do so
by this statute. The questions to be certified under
section 23 of the act must be incidental to a pending
controversy with adverse parties litigant. Those limi-
tations apply to the Appellate Division. Even more
explicit are the restrictions in this court. Our juris-
diction is to be exercised subject to the same limitations
as in civil actions (Workmen's Comp. Act, § 23; Code
Civ. Pro. § 190). The order under review is not one
which finally determines a special proceeding (*Matter
of Droege,* 197 N. Y. 44, 50; *Matter of Jones,* 181 N. Y.
389). It is not an intermediate order in a special pro-
ceeding. There has been no judicial proceeding at all.
There has been a tender of advice which may be accepted
or rejected.

   The record now before us supplies a pointed illustration
of the need that the judicial function be kept within its
ancient bounds. Some of the arguments addressed to
us in criticism of the resolution apply to all awards for
death benefits; others to awards made before June, 1916;
others to awards where one of the dependents is a widow.
It is thus conceivable that the proposed resolution may
be valid as to some carriers and invalid as to others.
We are asked by an omnibus answer to an omnibus
question to adjudge the rights of all. That is not the

2

way in which a system of case law develops. We deal with the particular instance; and we wait till it arises.

The appeal must be dismissed without costs to either party.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Appeal dismissed.