OPINION OF THE COURT
Jan H. Plumadore, J.
Both the above defendants move for release pursuant to CPL 190.80 inasmuch as they have each been held longer than 45 days without (readily apparent) Grand Jury action.
The People in opposition say that both defendants are well aware that the Grand Jury has "acted”, having both been invited to attend on specific dates, and that all that remains is for a session of Supreme Court to be convened so that the *991 results may be filed. The issue appears to be one of first impression; the motions will be denied.
CPL 190.80 provides for release from jail at the expiration of 45 days "without the occurrence of any grand jury action or disposition pursuant to subdivision one, two or three of section 190.60” (emphasis supplied). Furthermore, CPL 190.80 (a) utilizes "disposition” while subdivision (b) refers only to "action”.
It is certainly arguable that there has been no Grand Jury disposition herein as there is no valid indictment until said document is filed with the impaneling court (CPL 190.60 [1]; 190.65 [3]; 1.20 [3]). If that is true, however, it is even more convincingly arguable that the Grand Jury has acted to the fullest extent possible and that the People should not be accountable for the scheduling problems of the impaneling court; with this argument the court concurs.
Even if it did not it would deny the motions under CPL 190.80 (b), finding this particular set of facts and circumstances — Grand Jury "action” but temporary inability to file results due to no fault of its own — is compelling enough to constitute good cause to prevent release.
Motions denied.