OPINION OF THE COURT
Richard J. Goldman, J.
Defendant seeks release from custody on the ground that *387 the District Attorney has not filed an indictment against him within 45 days of the commencement of his confinement (CPL 190.80).
On September 26, 1989 defendant was arraigned in Criminal Court and bail was set at $10,000. Within the time prescribed by CPL 180.80, the District Attorney filed a written certification that the Grand Jury had voted an indictment. The instant proceeding was commenced on November 22, 1989 returnable November 24, 1989. At the morning argument on November 24, 1989, the District Attorney acknowledged that no indictment had ever been filed, although the Grand Jury had voted to indict in September. That afternoon, the District Attorney informed the court that the indictment had been filed. The only explanation for the delay between September and November 24, 1989 was the necessity to get the Grand Jury foreman’s signature on the indictment. No facts were submitted as to the efforts made prior to November 24, 1989 to obtain the foreman’s signature on the indictment.
Initially, it must be determined whether the issue in this case is now moot. A court can only constitutionally decide cases and controversies (Matter of State Indus. Commn., 224 NY 13, 16). If there no longer exists a controversy, a court cannot constitutionally render a decision.
In this case defendant is still being held on $10,000 bail set by the Criminal Court. If CPL 190.80 was violated the Criminal Court bail would be invalid, and defendant would be held on an illegal bail. The instant issue is not moot.
It is conceded by both parties that CPL 180.80 was not violated, since the Grand Jury had voted an indictment, and the District Attorney so certified. Defendant therefore relies solely on the provisions of CPL 190.80.
CPL 190.80 as is relevant provides as follows: "Upon application of a defendant who on the basis of a felony complaint has been held by a local criminal court for the action of a grand jury, and who, at the time of such order or subsequent thereto, has been committed to the custody of the sheriff pending such grand jury action, and who has been confined in such custody for a period of more than forty-five days * * * without the occurrence of any grand jury action or disposition pursuant to subdivision one, two or three of section 190.60, the superior court by which such grand jury was or is to be impaneled must release him on his own recognizance unless” (emphasis supplied).
*388 The court must first determine whether CPL 190.80 is applicable in the instant circumstance. By its terms the statute is applicable to defendants who are being held by a Criminal Court for actions of a Grand Jury. A person is held by a Criminal Court for action of the Grand Jury if after a preliminary hearing a court finds that there is reasonable cause to believe that the defendant committed a felony (CPL 180.70 [1]), or if the defendant waives a preliminary hearing (CPL 180.30). The CPL contains no other method by which a Criminal Court may hold a defendant for action of the Grand Jury (see generally, People v Young, 136 Misc 2d 121, 125, n, revd on other grounds 138 AD2d 764, lv denied 72 NY2d 868; cf., CPL 210.45 [9]).
In this case, the Criminal Court believed itself to be divested of jurisdiction because of the Grand Jury vote to indict.* Defendant was never held by the Criminal Court for action of the Grand Jury.
The differences between CPL 180.80 and 190.80 indicate a legislative intent that CPL 190.80 not be applied to these circumstances. CPL 180.80 requires release of a defendant who is incarcerated if a Grand Jury does not vote an indictment within 120 hours or 144 hours. In contrast CPL 190.80 requires release of a defendant only after 45 days. The difference in the length of time is attributable to the fact that in the CPL 190.80 situation a determination of reasonable cause has been made, whereas under CPL 180.80 no independent determination is made.
. Further, at the time that CPL 190.80 was enacted, CPL 180.80 required that an indictment be actually filed. Thus, if CPL 190.80 applied to situations where the Grand Jury voted to indict prior to any preliminary hearing, that section would be useless. This is so because every such situation would be covered by the much shorter time frame in CPL 180.80 rather than CPL 190.80. Therefore, at the time CPL 190.80 was enacted it could have no application to a situation where there was no preliminary hearing and a Grand Jury had voted to indict.
It is noted that in 1982 (L 1982, ohs 556, 557) the Legislature changed the requirements of CPL 180.80 so as to have the period end upon the vote of the Grand Jury, and not the filing of an indictment. CPL 190.80 does not apply to this case.
Assuming arguendo that CPL 190.80 applied to the current *389 situation, the result would be the same. CPL 190.80 mandates that a defendant be released from custody if within the 45 days from the commencement of custody there has been no "grand jury action or disposition pursuant to subdivision one, two or three of section 190.60”. There are two possible explanations for this phrase.
The first explanation is that the words "grand jury action” are independent of the phrase "pursuant to subdivision one, two or three of section 190.60”. In this interpretation if a Grand Jury takes an action whatsoever, whether pursuant to CPL 190.60 or not, the statute has been complied with. In People v Hosler (143 Misc 2d 990) the court adopted this interpretation and ruled that as long as a Grand Jury has acted in some manner even though it does not file an indictment there is compliance with CPL 190.80.
A second interpretation would be that the phrase "pursuant to subdivision one, two or three of section 190.60” refers to both Grand Jury action and Grand Jury disposition. This position is buttressed by the fact that the title of CPL 190.60 is "Grand jury; action to be taken”. The title indicates that CPL 190.60 is Grand Jury action. In addition, subdivisions (2) and (3) of CPL 190.60 cannot be deemed "dispositions” as that word is ordinarily used. Subdivisions (2) and (3) relate to a direction to the District Attorney to file a prosecutor’s information or a direction to the District Attorney to request removal to Family Court. These are not dispositions. Therefore if the phrase "pursuant to subdivision one, two or three” referred to dispositions it would make little sense.
The court adopts the second interpretation that for compliance with CPL 190.80 the Grand Jury action must be pursuant to subdivision (2) or (3) of CPL 190.60.
In this case subdivision (1) of CPL 190.60 is the only applicable subdivision. That subdivision reads as follows:
"After hearing and examining evidence as prescribed in section 190.55, a grand jury may:
"1. Indict a person for an offense, as provided in section 190.65”.
Subdivision (1) of CPL 190.60 incorporates CPL 190.65. There are three subdivisions in CPL 190.65. Subdivision (1) authorizes indictment where there is legally sufficient evidence before the Grand Jury. Subdivision (2) authorizes indictment for crimes or cases not specifically designated in the original proceeding. Subdivision (3) reads as follows: "Upon voting to *390 indict a person, a grand jury must, through its foreman or acting foreman, file an indictment with the court by which it was impaneled.”
From the use of the words "[u]pan voting to indict a person” the subdivision contemplates an act after the Grand Jury indicts; subdivision (1) of CPL 190.60 merely requires that the Grand Jury indict. Acts done after the Grand Jury indicts (such as filing the indictment) are thus not within the purview of subdivision (1) of CPL 190.60.
Therefore, CPL 190.80, which incorporates subdivision (1) of CPL 190.60, is complied with by the Grand Jury voting to indict even though no indictment has been filed.
The application for a writ of habeas corpus is denied.

 The propriety of this ruling is not an issue in this case.