OPINION OF THE COURT
Albert Tomei, J.
It is alleged that, on or about February 16, 1999, defendant acted in concert with others to commit the crime of attempted robbery, and in the course of and in furtherance of such crime and immediate flight therefrom, caused the shooting deaths of *825 two people. By Kings County indictment No. 2047/99, defendant has been charged with murder in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. Defendant has filed papers styled as a “Motion to Preclude the State From Seeking Death,” apparently seeking an order barring the People from filing a notice of intent to seek the death penalty in his case.[1]
FACTUAL BACKGROUND
On May 17, 1999, defendant was arraigned on an indictment charging him with felony murder and other crimes; he entered a plea of not guilty. Because the People indicated that there was a possibility that the People might seek the death penalty in this case, counsel from the Capital Defense Unit of the Legal Aid Society were assigned to represent defendant following the arraignment, pursuant to Judiciary Law § 35-b (1). Defendant’s omnibus motion has been addressed by the court and the case has been calendared for hearings and trial. To date, the People have not sought to file a superseding indictment charging defendant with murder in the first degree, nor have they indicated any present intention to do so. Nevertheless, the District Attorney has expressly reserved the right to seek an indictment of defendant for capital murder should evidence come to light before trial which, in the judgment of the District Attorney, would warrant first degree murder charges and the imposition of the death penalty.
CONCLUSIONS OF LAW
In New York, the death sentence is permissible only upon conviction for the crime of murder in the first degree. (See, Penal Law § 70.00 [3] [a] [i]; CPL 400.27 [1].) Furthermore, for the death penalty to be a potential punishment upon conviction for first degree murder, the District Attorney must file, within 120 days following defendant’s arraignment upon an indictment charging murder in the first degree, a notice of intent to seek the death penalty.[2] (See, CPL 250.40 [1], [2].) Because the death penalty is permissible only upon a conviction for first degree murder, the Criminal Procedure Law does not speak of requirements for filing a notice of intent to seek *826 the death penalty in second degree murder cases. However, a defendant charged with second degree murder may become exposed to a potential death sentence should the District Attorney file a superseding indictment charging the defendant with first degree murder. Upon defendant’s arraignment on the superseding indictment charging first degree murder, the 120-day period for filing notice of intent to seek the death penalty would begin to run.
Defendant argues that, since the Criminal Procedure Law limits the District Attorney to a 120-day period within which to file notice of intent to seek the death penalty following a defendant’s arraignment upon first degree murder charges, the District Attorney should also be required to file the notice within the same 120-day time period following a defendant’s arraignment upon second degree murder charges. Defendant reasons that: “Had [defendant] been indicted on first degree murder, the People would be precluded from seeking death by virtue of its failure to give notice of intent to seek death or seek an extension of the time to give such notice for good cause. This is because the statute was written with very specific notice provisions in order to guarantee procedural due process to a defendant charged with first degree murder. Certainly [defendant] should not be more at risk for a death sentence because the People did not have the evidence to indict for first degree murder. Certainly, the People should not be given more time to investigate for evidence warranting a death notice because [defendant’s] case looked less death worthy at the time of the indictment.” (Defendant’s motion, at 2.)
Defendant apparently does not claim that, because the express terms of the statute apply only to defendants charged with first degree murder, the death penalty statute is unconstitutional. Rather, defendant claims that the same 120-day period should be applied in his case, even though the statute expressly provides only that the filing period applies to cases in which first degree murder is charged. According to defendant, “the statute should not be construed as an indication that the legislature intended the 120 day clock to not start ticking when the arraignment is on second degree murder charges.” (Defendant’s motion, at 2.) He contends that because more than 120 days have passed since his arraignment on the indictment, the District Attorney should be precluded from filing a notice of intent to seek the death penalty in his case, notwithstanding the fact that he has not been charged with murder in the first degree. In effect, defendant’s motion is in *827 the nature of a petition for a writ of prohibition, aiming to preclude the District Attorney from seeking the death penalty in his case on the ground that the 120-day period for filing notice of intent to seek the death penalty has run.
No matter how defendant’s motion may be characterized, it must be denied because the issue is not ripe for judicial determination. The general rule is that a request for an injunction or a declaratory judgment is premature if the harm to the petitioner is contingent upon events that may never occur. (See generally, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo, 64 NY2d 233.) The apparent harm claimed by defendant is that the District Attorney might seek the death penalty against him. However, the District Attorney has not even charged defendant with a capital crime, much less filed notice of intent to seek the death penalty. Moreover, though a capital prosecution remains a theoretical possibility, as the date for hearings and trial draws near, it does not appear likely that defendant will, in fact, be subjected to one.
“The courts of New York do not issue advisory opinions for the fundamental reason that in this State ‘[t]he giving of such opinions is not the exercise of the judicial function.’ ” (Matter of Cuomo v Long Is. Light. Co., 71 NY2d 349, 354, quoting Matter of State Indus. Commn., 224 NY 13, 16.) As the Court of Appeals has noted, “[t]his rule not only prevents dissipation of judicial resources, but more importantly, it prevents devaluation of judicial decrees which decide concrete disputes.” (Matter of Cuomo v Long Is. Light. Co., 71 NY2d, supra, at 354.) In defendant Attawwab’s case, the harm to defendant is entirely speculative and contingent upon two events that may never occur: the filing of a first degree murder indictment against him; and the filing of a notice of intent to seek the death penalty. Therefore, and for the foregoing reasons, defendant’s motion to preclude the State from seeking the death penalty is denied.

. Apart from the title of the motion, defendant’s motion papers do not contain any specific request for relief.

. The 120-day deadline may be extended for good cause shown. (See, CPL 250.40 [2].)