■ Touro College et al., Appellants, v Novus University Corporation et al., Respondents. [45 NYS3d 458]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 22, 2015, which granted defendants' motion to dismiss the complaint seeking declaratory relief pursuant to CPLR 3211 (a) (2) and (7), unanimously affirmed, without costs.

Plaintiffs Touro College and Touro College Jacob D. Fuchsberg Law Center (Touro) seek a declaratory judgment that defendants Novus University Corporation, Novus Law School and Novus University Internet Publishing Group, Inc. (Novus) are "diploma mills" as defined in the Higher Education Opportunity Act of 2008, 20 USC § 1003, or in a standard dictionary. Touro, an institute of higher education, accredited by the American Bar Association (ABA), alleges that it and similarly-situated institutions have been harmed by Novus in that individuals who have received degrees from Novus, an online, non-ABA accredited law school, have applied to Masters of Law programs at law schools, including Touro, while falsely representing that Novus was a foreign institution. Touro maintains that there is a justiciable controversy between Touro and Novus warranting declaratory relief (CPLR 3001), since Touro was forced to defend against "meritless" litigation instituted by a Novus graduate who was denied a Touro LLM, after he was admitted to the program based on such a misrepresentation (*Matter of Salvador v Touro Coll.*, 139 AD3d 1, 5 [1st Dept 2016]).

The motion court properly determined that there is no justiciable controversy between Touro and Novus. A declaratory judgment is intended "to declare the respective legal rights of the parties based on a given set of facts, not to declare findings of fact" (*Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 100 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]). The general purpose of a "declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations" (*James v Alderton Dock Yards*, 256 NY 298, 305 [1931]). Thus,

a declaratory judgment requires a "justiciable controversy," in which not only does the plaintiff "have an interest sufficient to constitute standing to maintain the action but also that the controversy involve present, rather than hypothetical, contingent or remote, prejudice to plaintiffs" (*American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985], *cert denied* 474 US 803 [1985]). Touro's allegations fail to identify any present controversy or disputed jural relationship between the parties to this action that would be resolved by issuance of the requested declaration.

That one of Novus's graduates brought a lawsuit against Touro does not constitute a justiciable controversy between Touro and Novus (*see Spitzer v Schussel*, 48 AD3d 233, 234 [1st Dept 2008]). To the extent Touro alleged that it was defrauded into accepting an individual who had a degree from Novus, it failed to allege that it relied on any misrepresentations made by Novus. Rather, Touro alleged that one of Novus's graduates had made misrepresentations concerning Novus's status as a foreign law school. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels and Feinman, JJ.