Matter of Hudson (2024 NY Slip Op 24251)

[*1]

Matter of Hudson

2024 NY Slip Op 24251

Decided on September 24, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 24, 2024
Supreme Court, Kings County

In the Matter of the Application of For a judgment request for declaratory relief
In the Matter of Cynthia Murriello Hudson, Petitioner[FN1]

Index No. 519394/2024

Aaron D. Maslow, J.

Papers were used in this matter — NYSCEF Document Numbers as follows:
Doc No. 1: Petition
Doc No. 2: Notice of petition
Doc No. 3: Exhibits A-F
Doc No. 4: Proposed order
Doc No. 5: Request for Judicial Intervention
Doc No. 6: Court correspondence
Doc No. 7: Correspondence to Court
Does the Supreme Court possess that authority to issue "one and the same" orders for persons seeking to prove their ethnic heritage to a foreign country for the purpose of obtaining dual citizenship? There is no directly on-point appellate case law on the issuance of "one and the same" orders for these purposes, despite applications from persons of Italian heritage becoming more frequent due to the Republic of Italy's requirement that discrepancies in public birth, marriage, and death records be addressed by a court of competent jurisdiction. In considering this issue, the Court holds that the Supreme Court of this state may not issue such orders for the purpose of assisting applicants in their quest to obtain dual citizenship.
Upon the papers enumerated above, having heard oral argument by counsel for Petitioner,[FN2]
and due deliberation having been had, the within matter is determined as follows.
In what is styled as a "Notice of Petition — Request for Declaratory Relief," Petitioner Cynthia Murriello Hudson seeks "a judgment, pursuant to Civil Practice Law and Rules Article 4," granting her the relief of a declaration that submitted documents' references to her father, [*2]paternal grandmother, and maternal grandmother all refer respectively to one and the same persons. More specifically, the said notice of petition sought as follows:
1) Declare that upon review of all documents submitted, it finds the documents listed, that consisted of the americanization/anglicization of the applicant's father's name of Pasquale Murriello to Paul Murriello, as well as any minor errors in spelling do in fact refer to the same person, the petitioner's father, Pasquale Murriello, also known as Paul Murriello, Paul P. Murriello, and Paul Pasquale Murriello;
2) Further declare that upon review of all documents submitted, it finds the documents listed, consisting of the anglicization of Maria Raggio's name to Mary Raggio as well as minor errors in spelling do in fact refer to the same person, the Petitioner's paternal grandmother, Maria Raggio, also known as Mary Raggio, Mary Murriello, Mary Rita Murriello who died in South Carolina do in fact, refer to the same person, Petitioner's maternal grandmother, Maria Raggio, and the evidence presented support the facts as listed under each document in the Complaint for Declaratory Relief[.][FN3]
(NYSCEF Doc No. 2 at 1.)
Although the notice of petition refers to a "Complaint for Declaratory Relief," no such document was included. Rather, an "Affirmed & Verified Petition for Declaratory Relief in the form of a 'One and the Same Order' " from Petitioner herself was submitted along with a set of exhibits.
In the petition, Petitioner asserts that she resides in Texas. She requests that the Court provide declaratory relief, although there is no respondent, in the form of a "one and the same" order addressing the americanization/anglicization [FN4]
and other minor discrepancies in the Petitioner's vital records from her Italian line of ascent, declaring that despite such discrepancies, the records do in fact refer to the same people. Petitioner provides specific details concerning discrepancies in records as to the names of certain relatives (mentioned above). Petitioner's exhibits comprise various birth, death, and marriage records. Petitioner informs the Court that she is in the process of certifying her dual Italian-American citizenship through the process of jure sanguinis (right of blood/descent). According to Petitioner, Italy requires that documentation be submitted and that discrepancies be addressed by a court of competent jurisdiction. Petitioner refers to State Supreme Court having provided similar relief to other individuals.
As for the legal basis for the Court's granting her application, besides case law, of which only one decision was cited in the petition, Petitioner relies on CPLR 3001, governing declaratory judgments. At oral argument, Petitioner's counsel provided the Court with another decision.
Upon reviewing this matter prior to the return date, the Court sought from Petitioner's counsel an explanation why the New York City Department of Health and Mental Hygiene had not been named as a respondent or defendant (see NYSCEF Doc No. 6). Counsel responded:
The reason for the above is that the Petitioner is not filing an Article 78 proceeding against a government agency, but rather only requesting declaratory relief in the form of a "One and the Same" order from this Court, declaring that despite the errors and discrepancies in the above records, the records do in fact refer to the same people, Petitioner's father and paternal grandparents. For this particular matter, the Petitioner does not require that the actual vital records held and issued by the New York City Department of Health and Mental Hygiene be amended or corrected. (NYSCEF Doc No. 7.)
This Court again inquired of counsel during oral argument as to the basis for the State Supreme Court to grant the relief requested by Petitioner. CPLR article 4, referenced in the notice of petition, pertains to special proceedings.
A special proceeding is a civil judicial proceeding in which a right can be established or an obligation enforced in summary fashion. Like an action, it ends in a judgment (CPLR 411), but the procedure is similar to that on a motion (CPLR 403, 409). Speed, economy and efficiency are the hallmarks of this procedure.
Statutory authorization must exist for the use of a special proceeding to enforce a particular right. CPLR 103(b) establishes this proposition by mandating that all civil proceedings be prosecuted in the form of an action "except where prosecution in the form of a special proceeding is authorized." Examples of such statutory authorization from throughout the Consolidated Laws are listed below. The bringing of a special proceeding where none is authorized is not, however, a fatal defect. CPLR 103(c) provides that the court shall not dismiss an action or proceeding solely for the reason it was brought in the wrong form. If jurisdiction was obtained over the parties, the court can simply order a conversion to the proper form.
(Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C401:1.)
There is no statutory authorization for the use of a special proceeding to obtain the particular declaratory relief Petitioner seeks, to wit, a determination that persons are one and the same. As the Commentary noted, where a special proceeding is not available. a right would have to be enforced through an action. The Court could convert this matter, commenced as a special proceeding, to an action. However, the Court still retains reservations as to whether it possesses subject matter jurisdiction to grant the relief Petitioner seeks within the confines of an action. A court may sua sponte raise the issue of subject matter jurisdiction at any time (see Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324 [1889]; Matter of Scully v O'Connor, 225 AD3d 769 [2d Dept 2024]).
In essence Petitioner is seeking of the Court that it review various documents purporting to relate to three people and opine on whether they refer to the same persons. Petitioner claims the right to do so, mentioning CPLR 3001: "The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds."
"While it is usually sought in the form of an ordinary action, declaratory relief may also [*3]be rendered in a special proceeding if the proceeding is authorized by law" (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3001:21). However, as noted above, there is no statutory provision authorizing a special proceeding to issue a "one and the same" order.
"A declaratory judgment action [in the Supreme Court] thus 'requires an actual controversy between genuine disputants with a stake in the outcome,' and may not be used as 'a vehicle for an advisory opinion' (Siegel, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C3001:3)" (Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253, 253 [1st Dept 2006]). The Commentaries, now updated, reflect this:
It is not expedient to obtain a judicial ruling on a matter of curiosity or general interest, or to get a court to take sides on a private wager. It is not, in short, a vehicle for an advisory opinion. With the exception of the jurisdiction vested in the New York Court of Appeals when called on to answer a question of New York law put by certain federal and sister-state courts under a unique certification procedure recognized in the New York Constitution, see Siegel, New York Practice § 528A (4th ed. 2005), the New York courts may not constitutionally render an advisory opinion." (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3001:3.)
The Commentary continues:
As Judge Cardozo famously observed almost a century ago, "[t]he function of the courts is to determine controversies between litigants. . . . They do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function." In re Workmen's Compensation Fund, 224 NY 13, 16, 119 N.E. 1027, 1028 (1918). Furthermore, the Court also noted that "the Legislature is without power to charge the courts" with such duties. CPLR 3001, the declaratory judgment statute, does not attempt to do this, but rather provides an efficient manner to resolve actual controversies. (Id.)
This doctrine has also been articulated as follows:
"The courts of New York do not issue advisory opinions for the fundamental reason that in this State '[t]he giving of such opinions is not the exercise of the judicial function' " (Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988], quoting Self-Insurer's Assn. v State Indus. Commn., 224 NY 13, 16 [1918]). Thus, courts may not issue judicial decisions which "can have no immediate effect and may never resolve anything" (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]). Here, the appellant moved, inter alia, for a declaration that this action was commenced on September 21, 2005 to determine the viability of a potential defense based upon the enactment of the Transportation Equity Act of 2005 (49 USCA § 30106), which went into effect on August 10, 2005. Under these circumstances, that branch of the appellant's motion which was for an order declaring the date of commencement of the action constituted, in essence, an impermissible request for an advisory opinion. Since the appellant was not entitled to such relief, the Supreme Court properly denied that branch of its motion. (Simon v Nortrax N.E., LLC., 44 AD3d 1027, 1027 [2d Dept 2007]; accord Chunyin Li v Joffe, 210 AD3d 737 [2d Dept 2022]; Hirschfeld v Hogan, 60 AD3d 728 [2d Dept 2009].)
Similarly, were this Court to make a "one and the same" determination, it would have no immediate effect. It would merely serve as an inducement for the Italian government to recognize Petitioner's Italian lineage. However, there is no certainty that the Italian government [*4]would indeed do so and, in such event, the determination of this Court will have been rendered nugatory. "[A]ny determination the court may make would be merely advisory since it can have no immediate effect and may never resolve anything (Borchard, Declaratory Judgments, pp 58-60). Thus it is settled that the 'courts will not entertain a declaratory judgment action when any decree that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass" (3 Weinstein-Korn-Miller, op cit , par 3001.09b).' " (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977].)
As noted above there must be an actual controversy (see supra at 3). "A justiciable controversy must involve a present, rather than hypothetical, contingent or remote, prejudice to the plaintiff. The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination. A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights." (Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776 [2d Dept 2013] [internal quotation marks and citations omitted].) There is no actual controversy in the present situation — nobody is contesting Petitioner's claims regarding the identity of her forebears.
A CPLR 3001 declaratory judgment action is designed to resolve the "rights and other legal relations of the parties," which contemplates at least two parties who dispute a matter. Here, there is only one party and there is no dispute. In fact, where granting declaratory relief would impinge upon the relationship between a party and a nonparty, "[c]ourts do not issue advisory opinions for the fundamental reason that the giving of such opinions is not the exercise of the judicial function" (Froebel v Southampton Volunteer Ambulance, Inc., 2014 NY Slip Op 30682[U], *5 [Sup Ct, Suffolk County 2014]).
Petitioner provided two authorities to the Court. In Severo v New York City Dept. of Health and Mental Hygiene, 2019 NY Slip Op 31921[U] [Sup Ct, NY County 2019]), the court reviewed evidence and issued a "one and the same" order, quoting CPLR 3001. So too did the court issue an order in Matter of Peter Magri, Jr. (2021 NY Misc LEXIS 52439 [Sup Ct, Queens County 2021], but without any citation to statutory authority.
This Court's research yielded Matter of Esposito v New York State Dept. of Health (2021 WL 4868419 [Sup Ct, NY County 2021], where, in an Article 75 proceeding, the respondent agency was directed to amend its records to reflect a different form of the names of various people of Italian ethnicity. There was no mention of CPLR 3001.
However, in Granese v Newyork State Dept. of Health (2023 WL 4197573 [Sup Ct, NY County]), the result was the opposite. The petitioner sought to have the court review birth, marriage, and death records and then order changes in them. The court was quite concerned. To the extent mandamus under Article 75 was sought, the court held that the relief was not justified because the public official respondent did not fail to perform its duty. And,
To the extent the petitioner seeks a declaratory judgment, the court cannot issue a declaration as to "the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001), since there is no justiciable controversy presented. See Touro Coll. v Novus Univ., 146 AD3d 679 (1st Dept. 2017). "A declaratory judgment is intended to 'declare the respective rights of the parties based on a given set of facts, not to declare findings of fact.' " Id. at 679, quoting Thome v Alexander & Lousia Calder Found., 70 AD3d 88, 100 (1st Dept. 2009) lv. denied 15 NY3d 703 (2010). (Granese v Newyork State Dept. of Health, 2023 WL 4197573, * 1.)
Similarly, in Lamp v Vasan (2022 WL 16699229 [Sup Ct, NY County 2022]), the court [*5]noted that applicants seeking Italian citizenship were filing these applications. In the matter before it, the application would not be granted since not all the government agencies which issued the certificates sought to be considered were parties. Moreover, there was no justiciable controversy under CPLR 3001 and 3017[b].[FN5]
No controversy existed between petitioner and a government agency. "The only true 'case or controversy' presented here is the one between the petitioner and the Italian government, which declines to process applications for citizenship where names set forth in documents necessary to establish lineage do not identically match each other" (Lamp v Vasan, 2022 WL 16699229, *2). The court would have permitted a lawsuit to correct records pursuant to 24 RCNY 207.01 and Public Health Law § 4138 (2) (c) and § 4148 (1), a position which was contrary to that taken by a judge of coordinate jurisdiction in the same court (see infra).
The lack of appellate authority to issue a "one and the same" order was articulated by the court in Nostrand v Defendant (2021 WL 5180141, *1 [Sup Ct, NY County 2021]), which wrote, "Petitioner cites various orders of jurists of co-ordinate jurisdiction, for this proposition; however, these decisions provide only that sufficient evidence was produced in those matters and do not otherwise provide a basis for same. . . ." "[T]he plain language of CPLR § 3001 does not provide such relief, the practice commentary following the statute does not discuss such relief, and this Court's search of case law failed to uncover any appellate authority providing for such relief. Accordingly, this Court has determined it is without authority to grant the relief sought by petitioner." (Nostrand v Defendant, 2021 WL 5180141, *1.)
In Spiezia v New York City Dept. of Health (2022 WL 2967867, *3-4 [Sup Ct, NY County 2022]), the court denied a petition to change vital records maintained by the respondent:
The Court recognizes that petitioner wants these changes in order to get dual citizenship. But that does not mean this Court should abdicate its responsibility to ensure that vital records are accurate. This Court cannot act as a "rubber stamp" even though respondent apparently has little interest in the integrity of these records. Many of these records are over a century old and attempting to recreate the past is a fraught process better suited for genealogists. And petitioner failed to identify a statute upon which this Court can change ancestors' records as part of a dual citizenship application.
The same court rejected another application to change vital records in Fiorentino v New York City Dept. of Health (2022 WL 1266399, *3-4 [Sup Ct, NY County 2022]), wherein further concerns were identified:
Put another way, if the Court were to grant the request to make all of these changes to the records of petitioners' ancestors, it would have "downstream" effects on every person in the family. The vital records of those people would be inaccurate and inconsistent because there would be a Court order changing the names of their parents, grandparents and great-grandparents. And while petitioners stress that they are only seeking these changes for purposes of acquiring dual citizenship and not for getting an inheritance, a vague promise in these papers does not alleviate the Court's concerns about the [*6]ramifications of these changes. At the very least, it could create all types of issues ripe for litigation because there would be official records (sanctioned by this Court) with posthumous changes. Which name would be valid in a fight over an estate's assets?
Presumably Petitioner herein did not seek to amend vital records due to the Supreme Court case law indicating that such relief is unavailable. However, to the extent her cited case law holds that a court may examine vital records and issue an order confirming that certain individuals are "one and the same," this Court respectfully disagrees. Such determinations do not constitute binding authority on this Court. "Courts of coordinate authority are not obligated to follow one another (31 Carmody-Wait 2d § 172:91). Courts of coordinate jurisdiction, may, of course, be persuaded by decisions issued by their coordinate justices, but they are not bound by them." (Yeung v Assessor of Village of Great Neck Estates, 80 Misc 3d 941, 946 [Sup Ct, Nassau County 2023]). With due respect to my fellow jurists who have issued "one and the same" orders for the purpose of assisting persons of a particular ethnic heritage to obtain dual citizenship from the nation of their forebears, this Court is not persuaded that it possesses the authority to do so. Perhaps the Legislature might consider the issue and enact legislation to repose jurisdiction within a specified court to issue such orders. Such a solution would be preferable to modifying ancient vital records which, in turn, could impact estate, real property, paternity, or other claims.
Accordingly, it is hereby ORDERED AND ADJUDGED that the within application, styled as a petition in a special proceeding, seeking to have this Court issue an order that certain forebears of Petitioner are one and the same persons as described in various documents is DENIED. This special proceeding is dismissed.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The caption is reproduced from Petitioner’s papers despite awkward syntax.

Footnote 2:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 3:This branch of relief sought appears to be inconsistent in that it first refers to Maria Raggio being Petitioner's paternal grandmother and then refers to her as Petitioner's maternal grandfather. This highlights the difficulty a court would face were the merits to be reviewed. The relief sought calls for a determination by a court regarding persons long deceased concerning whom there are probably no contemporaries who could vouch for the persons being known by different names.

Footnote 4:The lack of capitalization of these words derives from Petitioner's lack of capitalization.

Footnote 5:CPLR 3017 [b] provides: "Declaratory judgment. In an action for a declaratory judgment, the demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested and state whether further or consequential relief is or could be claimed and the nature and extent of any such relief which is claimed.